41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marilyn Ruth HATCH, Petitioner,
v.
J.P. STADTMUELLER, United States District Judge, Respondent.
 No. 94-3353.
 United States Court of Appeals, Seventh Circuit.
 Nov. 10, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Ms. Marilyn Ruth Hatch was charged with violating the Freedom of Access to Clinic Entrances Act of 1994 (FACE), 18 U.S.C. Sec. 248(a)(1). She moved for trial by jury and the district court denied her request. Ms. Hatch has filed a petition for mandamus to compel the district court to try her case to a jury.
 
 
 2
 In this circuit the basic conjunctive test for mandamus applies with undiminished force even when the denial of a right to a jury trial is the basis for the mandamus petition. First National Bank of Waukesha v. Warren, 796 F.2d 999, 1006 (7th Cir.1986). Thus, unless the denial of a right to jury trial will be effectively unreviewable on appeal, and the right to a trial by jury is clear and undisputable, this circuit has held that mandamus relief is not available. Id.
 
 
 3
 The current petition surmounts neither of the threshold barriers to mandamus. Even assuming (of course without deciding) that the district court has erred in denying Ms. Hatch's request for a jury, this deficiency can be corrected on direct appeal from any conviction which may occur, simply by ordering a new trial to be held before a jury. Further, Ms. Hatch is presumptively not entitled to a jury trial because the maximum term of incarceration for nonviolent interference is 6 months. 18 U.S.C. 248(b)(2); United States v. Nachigal, 113 S.Ct. 1072, 1073 (1993) (per curiam); Blanton v. North Las Vegas, 489 U.S. 538, 543 (1989) (citing Baldwin v. New York, 399 U.S. 66, 69 (1970)). This presumption can be overcome, if the defendant shows that other penalties that may be imposed, in addition to imprisonment, demonstrate that the legislature considered the crime to be serious. Nachigal, 113 S.Ct. at 1073; Blanton, 489 U.S. at 543. While there is an argument that the $10,000.00 fine which Ms. Hatch may suffer if convicted exceeds the maximum fine of not more than $5,000.00 reserved for "petty" offenses, this argument raises a novel question of interpretation, rather than establishing that the petitioner's right to relief is clear and indisputable.
 
 
 4
 Accordingly, the petition for a writ of mandamus is denied.