**Devens v. Cunningham**                    **CV-96-016-B    06/26/96**
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


James W. Devens

    v.                                     Civil No. 96-016-B

Michael J. Cunningham, et al.



### O R D E R


Petitioner's sole argument is that the State of New Hampshire violated his rights under the Interstate Agreement on Detainers ("IAD") by failing to bring him to trial within 180 days after he "caused to be delivered" notice of his demand for disposition of the New Hampshire charges to the appropriate New Hampshire officials.  N.H. Rev. Stat. Ann. § 606-A:1 (1986).

It is undisputed that petitioner delivered a demand for disposition of the New Hampshire charges to New Mexico prison officials on or about April 18, 1992, more than 180 days prior to the commencement of his October 27, 1992, trial in New Hampshire. It is also undisputed that the New Mexico prison officials did not deliver the demand to the appropriate New Hampshire officials until May 22, 1992, only 159 days before trial.  Relying on the date New Hampshire officials received the demand and the United

States Supreme Court's recent opinion in Fex v. Michigan, 507 U.S. 43, 51 (1993), which held that the IAD's 180-day time limit does not begin to run until the prisoner's demand for trial is received by the state where the charge is pending, the New Hampshire Supreme Court determined that New Hampshire had not violated petitioner's rights under the IAD.

Petitioner argues that the New Hampshire Supreme Court violated his right to due process by relying on Fex, because it post-dated his IAD claim.[1]  In support of his argument, he cites an earlier decision of New Mexico's Court of Appeals which held that, for prisoners tried in New Mexico, the IAD's 180-day limitation period begins to run as soon as the prisoner delivers his IAD demand to his custodian.  State v. Tarango, 734 P.2d 1275, 1296 (N.M. App.), cert. denied, 734 P.2d 761 (N.M. 1987); overruled on other grounds, Zurla v. State, 789 P.2d 588, 593 (N.M. 1990).

---

[1]  To the extent that petitioner purports to rely on the Constitution's ex post facto clause, that reliance is misplaced. "The ex post facto clause is a limitation upon the powers of the Legislature and does not of its own force apply to the Judicial Branch of government." Lustgarden v. Gunter, 966 F.2d 552, 553 (10th Cir.) (quoting Marks v. United States, 430 U.S. 188, 191 (1977)), cert. denied, 506 U.S. 1008 (1992), rehearing denied, 507 U.S. 955 (1993)).

Assuming without deciding that petitioner properly presented his due process claim to the New Hampshire Supreme Court, I deny the claim on its merits. The Tarango decision does not bind the New Hampshire Supreme Court, and neither the New Hampshire Supreme Court nor the United States Supreme Court have ever given the IAD a similar interpretation. Further, although prior to Fex other courts had followed the approach taken in Tarango, most courts that considered the question determined that the 180-day limitation period does not begin to run until the demand is received by the state where the charge is pending. See Birdwell v. Skeen, 983 F.2d 1332, 1337 n.13 (5th Cir. 1993) (collecting cases). Therefore, the Court's interpretation of the IAD in Fex was hardly unforeseeable. Accordingly, the New Hampshire Supreme Court did not violate petitioner's due process rights by applying Fex in his case. See Lustgarden, 966 F.2d at 553 (retroactive use of a judicial interpretation of a statute violates due process only if the interpretation is unforeseeable).

Defendant's motion for summary judgment (document no. 24) is granted.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

June 25, 1996

3

cc:    James W. Devens, pro se
        Malinda Lawrence, Esq.