## UNITED STATES *v.* NACHTIGAL

No. 92–609.   Decided February 22, 1993

PER CURIAM.

Respondent Jerry Nachtigal was charged with operating a motor vehicle in Yosemite National Park while under the influence of alcohol, in violation of 36 CFR §§ 4.23(a)(1) and (a)(2) (1992). Driving under the influence (DUI) is a class B misdemeanor and carries a maximum penalty of six months' imprisonment, § 1.3(a); 18 U. S. C. § 3581(b)(7), and a $5,000 fine, §§ 3571(b)(6) and (e). As an alternative to a term of imprisonment, the sentencing court may impose a term of probation not to exceed five years. §§ 3561(a)(3), (b)(2). The sentencing court has discretion to attach a host of discretionary conditions to the probationary term. § 3563(b).

Respondent moved for a jury trial. Applying our decision in *Blanton* v. *North Las Vegas,* 489 U. S. 538 (1989), the Magistrate Judge denied the motion. He reasoned that because DUI carries a maximum term of imprisonment of six months, it is presumptively a "petty" offense which is not embraced by the jury trial guaranty of the Sixth Amendment. He rejected respondent's contention that the additional penalties transformed DUI into a "serious" offense for Sixth Amendment purposes. Respondent was then tried by the Magistrate Judge and convicted of operating a motor vehicle under the influence of alcohol in violation of 36 CFR § 4.23(a)(1) (1992). He was fined $750 and placed on unsupervised probation for one year.

The District Court reversed the Magistrate Judge on the issue of entitlement to a jury trial, commenting that the language in our opinion in *Blanton* was "at variance with the Ninth Circuit precedent of *United States* v. *Craner,* [652 F. 2d 23 (1981)]," and electing to follow *Craner* because our opinion in *Blanton* did not "expressly overrule" *Craner.* App. to Pet. for Cert. 17a, 20a.

The Court of Appeals for the Ninth Circuit agreed with the District Court, holding that *Blanton* is "[in]apposite," that *Craner* controls, and that respondent is entitled to a jury trial. App. to Pet. for Cert. 3a–4a, judgt. order re-

ported at 953 F. 2d 1389 (1992). The Court of Appeals reasoned that since the Secretary of the Interior, and not Congress, set the maximum prison term at six months, "[t]here is no controlling legislative determination" regarding the seriousness of the offense. App. to Pet. for Cert. 4a; see also *United States* v. *Craner*, 652 F. 2d 23, 25 (CA9 1981). The court also found it significant that the Secretary of the Interior, in whom Congress vested general regulatory authority to fix six months as the maximum sentence for any regulatory offense dealing with the use and management of the national parks, monuments, or reservations, see 16 U. S. C. § 3, chose the harshest penalty available for DUI offenses. App. to Pet. for Cert. 3a–4a; see also *Craner, supra,* at 25. Finally, the court noted that seven of the nine States within the Ninth Circuit guarantee a jury trial for a DUI offense. App. to Pet. for Cert. 3a–4a; see also *Craner, supra,* at 27.

Unlike the Court of Appeals and the District Court, we think that this case is quite obviously controlled by our decision in *Blanton.* We therefore grant the United States' petition for certiorari and reverse the judgment of the Court of Appeals. The motion of respondent for leave to proceed *in forma pauperis* is granted.

In *Blanton,* we held that in order to determine whether the Sixth Amendment right to a jury trial attaches to a particular offense, the court must examine "objective indications of the seriousness with which society regards the offense." *Blanton,* 489 U. S., at 541 (internal quotation marks omitted). The best indicator of society's views is the maximum penalty set by the legislature. *Ibid.* While the word "penalty" refers both to the term of imprisonment and other statutory penalties, we stated that "[p]rimary emphasis . . . must be placed on the maximum authorized period of incarceration." *Id.,* at 542. We therefore held that offenses for which the maximum period of incarceration is six months or less are presumptively " 'petty.' " A defendant can overcome this presumption, and become entitled to a jury trial,

only by showing that the additional penalties, viewed together with the maximum prison term, are so severe that the legislature clearly determined that the offense is a " 'serious' " one. *Id.*, at 543. Finally, we expressly stated that the statutory penalties in other States are irrelevant to the question whether a particular legislature deemed a particular offense " 'serious.' " *Id.*, at 545, n. 11.

Applying the above rule, we held that DUI was a petty offense under Nevada law. Since the maximum prison term was six months, the presumption described above applied. We did not find it constitutionally significant that the defendant would automatically lose his license for up to 90 days, and would be required to attend, at his own expense, an alcohol abuse education course. *Id.*, at 544, and n. 9. Nor did we believe that a $1,000 fine or an alternative sentence of 48 hours' community service while wearing clothing identifying him as a DUI offender was more onerous than six months in jail. *Id.*, at 544–545.

The present case, we think, requires only a relatively routine application of the rule announced in *Blanton*. Because the maximum term of imprisonment is six months, DUI under 36 CFR § 4.23(a)(1) (1992) is presumptively a petty offense to which no jury trial right attaches. The Court of Appeals refused to apply the *Blanton* presumption, reasoning that the Secretary of the Interior, and not Congress, ultimately determined the maximum prison term. But there *is* a controlling legislative determination present within the regulatory scheme. In 16 U. S. C. § 3, Congress set six months as the maximum penalty the Secretary could impose for a violation of any of his regulations. The Court of Appeals offered no persuasive reason why this congressional determination is stripped of its "legislative" character merely because the Secretary has final authority to decide, within the limits given by Congress, what the maximum prison sentence will be for a violation of a given regulation.

The additional penalties imposed under the regulations are not sufficiently severe to overcome this presumption. As we noted in *Blanton*, it is a rare case where "a legislature packs an offense it deems 'serious' with onerous penalties that nonetheless do not puncture the 6-month incarceration line." *Blanton*, 489 U. S., at 543 (internal quotation marks omitted). Here, the federal DUI offense carries a maximum fine of $5,000, and respondent faced, as an alternative to incarceration, a maximum 5-year term of probation. While the maximum fine in this case is $4,000 greater than the one in *Blanton*, this monetary penalty "cannot approximate in severity the loss of liberty that a prison term entails." *Id.*, at 542.

Nor do we believe that the probation alternative renders the DUI offense "serious."* Like a monetary penalty, the liberty infringement caused by a term of probation is far less intrusive than incarceration. *Ibid.* The discretionary probation conditions do not alter this conclusion; while they obviously entail a greater infringement on liberty than probation without attendant conditions, they do not approximate the severe loss of liberty caused by imprisonment for more than six months.

We hold that the Court of Appeals was wrong in refusing to recognize that this case was controlled by our opinion in *Blanton* rather than by its previous opinion in *Craner*. An individual convicted of driving under the influence in viola-

---

*There are 21 discretionary conditions which the sentencing court may impose upon a defendant. Under 18 U. S. C. § 3563(b), a court may require, among other things, that the defendant (1) pay restitution; (2) take part in a drug and alcohol dependency program offered by an institution, and if necessary, reside at the institution; (3) remain in the custody of the Bureau of Prisons during nights and weekends for a period not exceeding the term of imprisonment; (4) reside at or participate in a program of a community correctional facility for all or part of the probationary term; or (5) remain at his place of residence during nonworking hours, and, if necessary, this condition may be monitored by telephonic or electronic devices. §§ 3563(b)(3), (b)(10), (b)(11), (b)(12), (b)(20).

tion of 36 CFR § 4.23(a)(1) (1992) is not constitutionally entitled to a jury trial. The petition of the United States for certiorari is accordingly granted, and the judgment of the Court of Appeals is reversed.

*It is so ordered.*