107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy J. BRILL, Defendant-Appellant.
 No. 95-30335.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 6, 1997.
 
 Before: CANBY, HAWKINS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy Brill appeals pro se his conviction under 36 C.F.R. § 5.3, which prohibits operating a commercial enterprise without a permit in a national park. Brill led a commercial climbing expedition in Mt. Rainier National Park without the necessary permit. He argues that the permit requirement is unconstitutionally vague and procedurally unsound, and he challenges the manner in which his trial was conducted. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Section 5.3 is not unconstitutionally vague. As applied to Brill, it gives ample notice of the prohibited activity. United States v. Mazurie, 419 U.S. 544, 550 (1974) (vagueness challenge not implicating First Amendment considered in light of factual circumstances).
 
 
 4
 The Park Service has authority to impose permit requirements under 16 U.S.C. §§ 3, 20. We find no indication that § 5.3 was enacted without a proper allowance for notice and comment. See 31 Fed.Reg. 16660 (Dec. 1966).
 
 II
 
 5
 The Sixth Amendment did not entitle Brill to a jury trial because he was charged only with a "petty offense." 18 U.S.C. § 1(3); United States v. Nachtigal, 507 U.S. 1, 3 (1993). Section 5.3 carries a maximum penalty of six months' imprisonment and/or a $500 fine. 16 U.S.C. § 3 (setting maximum penalties); 36 C.F.R. § 1.3(a) (same).
 
 
 6
 The Sixth Amendment also did not entitle him to have a layperson speak on his behalf or give him verbal advice during trial. Wheat v. United States, 486 U.S. 153, 159 (1987) ("[A]n advocate who is not a member of the bar may not represent clients (other than himself) in court."). After Brill's counsel withdrew, at Brill's request, the court informed him of his right to counsel and gave him the opportunity to apply for court-appointed counsel under 18 U.S.C. § 3006A. Brill declined and stated that he wished to proceed pro se. He may not now complain of his choice to do so.
 
 
 7
 We reject Brill's challenge to the court's limit of 100 trial exhibits. Aside from his initial request for 3,000 exhibit labels, Brill never indicated that he wished to exceed the limit or requested a continuance to rethink his trial strategy. That he produced only one exhibit at trial, and that he has never explained what relevant evidence he was prevented from introducing, preclude him from challenging the conviction on this ground. Fed.R.Evid. 103(a). His allusions to the administrative record are unavailing. He does not appeal an agency decision.
 
 
 8
 Similarly, he may not challenge the court's refusal to issue subpoenas for 36 witnesses two days before trial and without a witness fee. He has not shown that the witnesses could have provided relevant testimony or that he could not afford the witness fee. See Fed.R.Crim.P. 17(b).
 
 III
 
 9
 We may not convene a grand jury to investigate alleged abuses by government officials. The filing of a criminal complaint is in the sole province of the United States Attorney. United States v. General Dynamics, 828 F.2d 1356, 1366 (9th Cir.1987).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3