EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Jorge L. Agudo Olmeda<br><br>Recurriio | Certiorari<br><br>2006 TSPR 127<br><br>168 DPR _____ |
| --- | --- |

Número del Caso: CC-2005-0362

Fecha: 24 de julio de 2006

Tribunal de Apelaciones:

        Región Judicial de San Juan-Panel V

Juez Ponente:

        Hon. Roberto González Rivera

Abogada de la Parte Recurrida:

        Lcda. Ana E. Andrade Rivera

Oficina del Procurador General:

        Lcda. Mariana D. Negrón Vargas
        Subprocuradora General

        Lcdo. Salvador J. Antonetti Stutts
        Procurador General

Materia: Artículo 165 del Código Penal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        vs.                     CC-2005-362      Certiorari

Jorge L. Agudo Olmeda

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado SEÑOR FUSTER BERLINGERI.

San Juan, Puerto Rico, a 24 de julio de 2006.

Tenemos la ocasión para interpretar la sección primera de la Regla 111 de Procedimiento Criminal.

I.

El Ministerio Público presentó una denuncia en contra de Jorge L. Agudo Olmeda (el recurrido) el 28 de agosto de 2004 por alegados hechos constitutivos de apropiación ilegal agravada, artículo 166 del antiguo Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4272 (2001). Según surge de la denuncia, Agudo Olmeda, alegadamente, se apropió de ocho películas en formato DVD, propiedad de la tienda Borders del centro comercial Plaza Las Américas, valoradas en $221.92.

La vista preliminar se celebró el 16 de noviembre de 2004, y se determinó causa probable para acusar por el **delito menos grave** de apropiación ilegal, artículo 165 del antiguo Código Penal, 33 L.P.R.A. sec. 4271 (2001). De la minuta de la vista preliminar se desprende que el acusado quedó citado para el 30 de noviembre de 2004, día en que se llevaría a cabo el acto de la lectura de la acusación. El expediente del caso fue entonces remitido a la Secretaría del Tribunal de Primera Instancia. El 29 de noviembre de 2004 el Ministerio Público presentó una acusación por los mismos hechos, pero por violación al artículo 165 del antiguo Código Penal, *supra*, donde especificó que el valor de los bienes apropiados era menor a $500.00.

Al llegar al acto de la lectura de la acusación, según surge de la minuta del 30 de noviembre de 2004, la defensa le informó al Tribunal que en el expediente constaban una denuncia y una acusación por los mismos hechos, por lo que solicitó que se aclarara por qué documento conducirse. El Tribunal hizo constar que **archivaba la *denuncia*** y que **retenía la *acusación***. La vista fue pautada para el 27 de enero de 2005, día en que **se enmendó la acusación para que leyera que el valor de los bienes apropiados era menor a $200.00.**

El juicio en su fondo fue pautado para el 7 de febrero de 2005. Según surge de la minuta del Tribunal, la defensa le informó a éste que, debido a que el caso fue

presentado mediante una acusación, Agudo Olmeda tenía derecho a juicio por jurado al amparo de la Regla 111 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 111.[1] El Tribunal no estuvo de acuerdo con el razonamiento de la defensa, y así lo hizo constar en dicha minuta:

> El Tribunal entiende que no, [luego de celebrada la] Vista Preliminar [el delito] fue reclasificado a delito menos grave y [] subió como delito menos grave. Cuando existía un Tribunal de Distrito eso era así, y con la nueva Ley de la Judicatura, no tiene derecho a [j]uicio por [j]urado un Art. 165 y [el Tribunal] comenzará a ver [el caso] por Tribunal de Derecho.

Agudo Olmeda presentó un recurso de *certiorari* ante el Tribunal de Apelaciones en el que solicitó la revocación de este dictamen. El foro apelativo, con el disenso del juez Rivera Martínez, expidió el recurso y revocó la actuación del foro de instancia por entender que la Regla 111 de Procedimiento Criminal, *supra*, ante la falta de actuación legislativa después de la aprobación de las Leyes de la Judicatura de 1994 y 2003, le concede al Ministerio Público la opción de comenzar un caso por

---

[1] La Regla 111 de Procedimiento Criminal, *supra*, establece lo siguiente:

> Las cuestiones de hecho en casos de delito grave y, salvo lo dispuesto en leyes especiales, en casos de delito menos grave siempre que originalmente se presentare la acusación en el Tribunal de Primera Instancia y fueren también de la competencia del Tribunal de Distrito habrán de ser juzgadas por el jurado a menos que el acusado renunciare expresa, inteligente y personalmente al derecho a juicio por jurado. [...] Regla 111 de Procedimiento Criminal, *supra*.

***delito menos grave*** mediante la presentación de una ***acusación***. Según el análisis del foro apelativo, si el Ministerio Público opta por proceder de esta forma, el acusado tendrá derecho a juicio por jurado; derecho al que sólo podrá renunciar de forma expresa, personal e inteligente. Debido a que Agudo Olmeda no renunció a su derecho a juicio por jurado, sino que, por el contrario, trató de ejercitarlo, el foro apelativo ordenó al foro de instancia que continuara con los procedimientos del caso permitiendo que éstos se ventilaran frente a un jurado.[2]

Inconforme con la determinación del foro apelativo, el Procurador General recurrió ante nos mediante un recurso de *certiorari* y una moción en auxilio de jurisdicción, y trajo ante nuestra atención sólo un señalamiento de error:

> Erró el Tribunal de Apelaciones al reconocerle al acusado un derecho a juicio por jurado, a pesar de que se le imputa un delito menos grave que acarrea sólo pena de reclusión por término máximo de seis (6) meses y/o multa no mayor de $500, sólo por razón de que el pliego acusatorio era una "acusación" y no una "denuncia".

El 26 de abril de 2005 expedimos el auto de *certiorari*. Ambas partes han comparecido a sustentar sus posturas. Pasamos a resolver.

_____

[2] El juez disidente argumentó que la lectura que sus compañeros jueces hicieron de la Regla 111, *supra*, es incorrecta, ya que ésta resulta, al presente, "impracticable". Expresó el Juez que el esquema actual del sistema judicial puertorriqueño hace inoperante la parte aquí concernida de la Regla 111, *supra*, por lo que erró la mayoría al ordenar un juicio por jurado.

II

El derecho a juicio por jurado en Puerto Rico se encuentra consagrado en la Carta de Derechos de la Constitución del Estado Libre Asociado:

> En los procesos por **delito grave** el acusado tendrá derecho a que su juicio se ventile ante un jurado imparcial compuesto por doce vecinos del distrito, quienes podrán rendir veredicto por mayoridad de votos en el cual deberán concurrir no menos de nueve. Art. II Sec. 11 Const E.L.A., L.P.R.A., Tomo 1, ed. 1999, pág. 327. (Énfasis suplido.)

De acuerdo al claro tenor constitucional, el derecho a juicio por jurado ampara a todo acusado de delito grave. La sección trascrita de la Constitución del Estado Libre Asociado coincide con lo que el Tribunal Supremo de Estados Unidos ha dicho que es el mínimo constitucional en materia de juicio por jurado. Aunque la Asamblea Legislativa de Puerto Rico podría expandir este derecho, sus actuaciones nunca han reflejado una intención de ensanchar el mínimo constitucional en este aspecto. Así lo asegura el profesor Chiesa al comentar que en Puerto Rico no hay ningún indicio de que la Asamblea Legislativa quiera ampliar el derecho a juicio por jurado más allá de lo permitido por la Constitución de Estados Unidos en su Enmienda Sexta. E. L. Chiesa, *Los derechos de los acusados y la factura más ancha*, 65 Rev. Jur. U.P.R. 83, 107 (1996). Así, las decisiones del Tribunal Supremo federal

han trazado el camino seguido por la Asamblea Legislativa en el tema que nos ocupa.

El Tribunal Supremo federal ha interpretado la Enmienda Sexta como que cobija a cualquier acusado de delito grave o de delito menos grave que apareje pena de reclusión por un término mayor de seis meses. Baldwin v. New York, 399 U.S. 66 (1970). A su vez, ha rechazado constantemente extender el derecho a juicio por jurado a casos que no caigan dentro de estas limitaciones. United v. Nachtigal, 507 U.S. 1 (1993); Lewis v. United Status, 518 U.S. 322 (1996). Por su parte, e inmediatamente después de la decisión del Tribunal Supremo federal en el caso de Baldwin, *supra*, la Asamblea Legislativa de Puerto Rico actuó para garantizar el cumplimiento con las exigencias mínimas federales, **pero sólo ésas: las mínimas**. Ver, Ley Núm. 8 de 7 de julio de 1971; Ley Núm. 9 de 7 de julio de 1971. De esta suerte, los delitos menos graves sólo aparejaban pena de reclusión de menos de seis meses y/o una multa que no excediese de quinientos dólares. Se dejó fuera de este esquema el delito menos grave de homicidio involuntario (hoy homicidio negligente), pues éste conlleva una pena mayor de seis meses. Este diseño se mantuvo en el antiguo Código Penal de 1974 (vigente al momento de los hechos que desembocaron en la presente

controversia)[3] y, con ciertas variantes, en el Código Penal

de 2005.[4]

La Regla 111 de Procedimiento Criminal, *supra*,

establece las normas sobre el derecho a juicio por jurado

y su renuncia. En lo pertinente a la presente

controversia, la Regla prescribe que:

> [l]as cuestiones de hecho en casos de **delito
> grave** y, salvo lo dispuesto en leyes
> especiales, en **casos de delito menos grave
> siempre que originalmente se presentare la
> acusación en el Tribunal de Primera Instancia[5]
> y fueren también de la competencia del Tribunal
> de Distrito** habrán de ser juzgadas por el
> **jurado** a menos que el acusado renunciare
> expresa, inteligente y personalmente al derecho
> a juicio por jurado. Regla 111 de Procedimiento
> Criminal, *supra*.

La sección que nos atañe de la regla transcrita ha

permanecido en las Reglas de Procedimiento Criminal desde

su aprobación en 1963. Para esa fecha, el Tribunal de

Primera Instancia se componía de tres tribunales

distintos: el Tribunal Superior, el Tribunal de Distrito y

---

[3] "Es delito menos grave todo aquél que apareja pena de reclusión por un término que no exceda de seis (6) meses, pena de multa que no exceda de cinco mil (5,000) dólares, o ambas penas a discreción del Tribunal. Delito grave comprende todos los demás delitos". Art. 12 del Código Penal de 1974.

[4] En el nuevo Código Penal los delitos menos graves aparejan pena de reclusión de hasta noventa días o multa individualizada de hasta cinco mil dólares. Sin embargo, claramente se establece que "[será] delito grave aquél que conlleva una pena de reclusión mayor de seis (6) meses". Art. 16 del Código Penal de 2005.

[5] El texto original leía "Tribunal Superior" en vez de "Tribunal de Primera Instancia". Esta **sustitución** se llevó a cabo luego de la aprobación de la Ley de la Judicatura de 1994 por razones que expondremos más adelante. **La Regla, sin embargo, no ha sido enmendada**.

el Tribunal Municipal. Con relación a las causas penales, el Tribunal Superior era el foro en el que se ventilaban aquéllas por delitos graves, mientras que en el Tribunal de Distrito se ventilaban los casos por delitos menos graves. Dicha regla era un mecanismo para que los procedimientos por delitos acumulables no tuviesen que fraccionarse en distintos tribunales por razón de sus respectivas clasificaciones. Es decir, la Regla permitía que los procedimientos por delitos menos graves acumulables con delitos graves se celebraran a la vez en un solo tribunal, pero salvaguardando el derecho a juicio por jurado de los acusados por delito grave (en el antiguo Tribunal Superior); de ahí que el texto original de la regla **requiriera que el delito fuera de la competencia del Tribunal de Distrito, pero presentado ante el Tribunal Superior mediante una acusación**.

Con la promulgación de la Ley de la Judicatura de 1994, Ley Núm. 1 del 28 de julio de 1994, la Asamblea Legislativa suprimió los tres tribunales inferiores anteriores. Así, consolidó en un solo Tribunal de Primera Instancia los antiguos Tribunales Superior y Municipal y decretó la abolición del Tribunal de Distrito al cabo de ocho años.[6] El esquema descrito fue mantenido en la Ley de

---

[6] El artículo 9.001 de la Ley de la Judicatura de 1994 disponía:

> El Tribunal de Distrito quedará abolido en ocho (8) años, a partir de la vigencia de esta ley.

la Judicatura de 2003, Ley Núm. 201 del 22 de agosto de 2003. Al día de hoy persiste la consolidación de los Tribunales Superior y Municipal en el Tribunal de Primera Instancia y la abolición del Tribunal de Distrito.[7]

Consiguientemente, debemos determinar si la sección primera de la Regla es anacrónica o si aún mantiene alguna distinción válida que legitime su uso para permitir el derecho a juicio por jurado en procedimientos por delitos menos graves.

---

A partir de la vigencia de esta ley las Secciones del Tribunal de Primera Instancia conocidas como Tribunal Superior y Tribunal Municipal se consolidarán y se conocerán como Tribunal de Primera Instancia. Los jueces que con anterioridad a la vigencia de la ley eran jueces de las Secciones conocidas como Tribunal Superior y como Tribunal Municipal serán parte del Tribunal de Primera Instancia y tendrán las facultades que se determinan en las secs. 22 a 23n de este título y se conocerán como Jueces Superiores y Jueces Municipales.

Una vez concluido el término de cinco (5) años a partir de [la] vigencia de esta ley, las facultades conferidas en los subincisos (6) y (7) del Artículo 5.004 inciso I(c) de esta ley, dejarán de ser facultades de los Jueces Municipales.

El Tribunal de Distrito quedará abolido en ocho (8) años a partir de la vigencia de esta ley, permaneciendo durante el proceso de abolición como una Subsección del Tribunal de Primera Instancia consolidado. 4 L.P.R.A. sec. 23c (2003).

[7] El artículo 5.002 de la Ley de la Judicatura de 2003 establece que: [e]l Tribunal de Primera Instancia quedará constituido por doscientos cincuenta y tres (253) jueces superiores y ochenta y cinco (85) jueces municipales. 4 L.P.R.A. sec. 25b (Supl. 2005).

III

Consciente de que la sección primera de la Regla 111 de Procedimiento Criminal, *supra*, presenta grandes incongruencias con el sistema judicial actual, Agudo Olmeda argumentó ante nos que, debido a la ausencia de acción legislativa que atempere la referida regla a las Leyes de la Judicatura de 1994 y 2003, debemos interpretar que el criterio fundamental para diferenciar los momentos en que el derecho a juicio por jurado cobija al acusado más allá del entendido constitucional debería ser la presentación de una acusación, en vez de una denuncia. En otras palabras, la aseveración de Agudo Olmeda, acogida por el Tribunal de Apelaciones, es que el derecho a juicio por jurado, según estatuido en la Regla 111 de Procedimiento Criminal, *supra*, debe estar ligado al vehículo procesal que se escoja para iniciar la acción penal. No nos convence dicho análisis.

En primer lugar, resulta claro que el esquema del sistema judicial que tuvo presente el legislador al redactar la Regla 111 de Procedimiento Criminal, *supra*, era muy diferente al actual. La incompatibilidad entre ambos esquemas es de tal grado que, actualmente, **es imposible cumplir con los dos requisitos que impone la Regla**, a saber: (1) la presentación de una acusación ante el Tribunal Superior (Tribunal de Primera Instancia según la codificación de las Leyes de Puerto Rico Anotadas), y, (2) que el delito por el que se acusa sea de la

competencia del Tribunal de Distrito. Ello, sencillamente, **porque ya no existe el Tribunal de Distrito**, visto que éste quedó completamente abolido después de la Ley de la Judicatura de 1994, *supra*. Por tanto, **la sección primera de la Regla 111, cuya aplicación se cimienta en la existencia de dos tribunales distintos e independientes, ya no tiene sentido, pues el Tribunal de Primera Instancia es, en la actualidad, un tribunal unificado**.

En segundo lugar, conforme a lo ya expuesto, el **derecho constitucional a juicio por jurado está ligado esencialmente a la pena prevista para el delito en cuestión**. Así, hay un derecho a juicio por jurado en casos por delitos graves, o en casos por delitos menos graves que acarreen una pena de reclusión equivalente a aquélla por delito grave. Por su parte, el derecho estatutario a juicio por jurado ha seguido muy de cerca el andamiaje constitucional, ya discutido. De ahí que la Asamblea Legislativa siempre haya procurado mantener las definiciones de delito grave y delito menos grave dentro de las limitaciones impuestas por la Constitución del Estado Libre Asociado y del Derecho Constitucional federal.

La interpretación que el recurrido propone que se le dé a la primera oración de la Regla 111, *supra*, es contraria a las claras tendencias de la Asamblea Legislativa a circunscribir el derecho a juicio por jurado al mínimo constitucional. A todas luces, Agudo Olmeda

pretende que, ante el desuso en el que ha recaído la parte aquí concernida de la Regla 111, *supra*, ampliemos el derecho a juicio por jurado a casos en que el Ministerio Público presente como primera alegación una acusación, **sin importar la pena que apareje el delito en cuestión**. No podemos tomarnos tal iniciativa sin una clara manifestación legislativa a tales efectos.[8]

A tenor con las tendencias legislativas y constitucionales detalladas, el Comité Asesor Permanente de Reglas de Procedimiento Criminal (en adelante el Comité) recomendó enmendar la Regla 111, *supra*, para adecuarla a los cambios acaecidos después de la vigencia de la Ley de la Judicatura de 1994, *supra.* El Comité sugirió el siguiente texto con miras a ajustar la Regla al nuevo esquema judicial:

> Las controversias de hecho en casos de delito grave y, salvo lo dispuesto en leyes especiales, en casos de delito menos grave con derecho a juicio por jurado, en que se presente una acusación en una sala superior del Tribunal de Primera Instancia, habrán de ser juzgadas por un Jurado [...]. Informe de Reglas de Procedimiento Criminal: Propuesta del Comité Asesor Permanente de Reglas de Procedimiento Criminal a la Decimonovena Sesión Plenaria de la Conferencia Judicial de Puerto Rico, febrero 1996, Regla 502, pág. 173.

Del texto de la regla propuesta se desprenden dos conclusiones importantes. Primero, podemos afirmar que el Comité entendió que, con la desaparición de los antiguos

---

[8] Suprimir la estructura judicial en la que se fundamentaba el derecho a juicio por jurado de esta parte de la Regla es, en nuestra opinión, suficiente acción legislativa en contra del argumento de Agudo Olmeda.

tribunales inferiores que integraban el Tribunal de Primera Instancia, se hacía imperiosa la enmienda de la Regla 111, *supra*. Además, podemos deducir que el Comité no contemplaba que la Regla 111, *supra*, añadiera nuevas instancias de derecho a juicio por jurado más allá del mínimo constitucional. De ahí que, al proponer un nuevo texto para la Regla, no se apartara del alcance constitucional que por años se le ha dado a este derecho.

Más aún, al proponer el nuevo texto, el Comité se expresó en cuanto a la interpretación de la Regla sugerida por Agudo Olmeda: "**[l]o dispuesto en esta regla no significa que se le va a conceder juicio por jurado a aquellos delitos menos graves que no tengan tal derecho, por el hecho de que se radiquen en una acusación**". Informe de Reglas de Procedimiento Criminal, *supra*, pág. 174 (énfasis suplido). Al igual que el Comité, no creemos que la selección de una acusación, en lugar de una denuncia, como la primera alegación en un procedimiento penal por un delito menos grave, sea razón para activar el derecho estatutario a juicio por jurado, especialmente cuando la sección de la regla en la cual supuestamente se fundamenta el derecho alegado ya es anacrónica.

El recurrido no ha presentado fundamento válido alguno que permita suponer que el legislador puertorriqueño quiso extender el derecho a juicio por jurado al enjuiciamiento de los de delitos menos graves en circunstancias como la que nos concierne. En cambio,

existen varios fundamentos, reseñados antes, que apoyan la conclusión de que el legislador nunca ha tenido tal intención. **Concluimos, por tanto, que la Regla 111, _supra_, no debe entenderse como que abarca más allá del mínimo constitucional en relación al derecho a juicio por jurado**.

Por los fundamentos que anteceden procede revocar la sentencia del Tribunal de Apelaciones y reinstalar el dictamen del Tribunal de Primera Instancia, Sala Superior de San Juan, mediante el cual se le deniega al recurrido el derecho a juicio por jurado.

Se dictará sentencia de conformidad.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        vs.                     CC-2005-362      Certiorari

Jorge L. Agudo Olmeda

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 24 de julio de 2006.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la sentencia del Tribunal de Apelaciones y se reinstala el dictamen del Tribunal de Primera Instancia, Sala Superior de San Juan, mediante el cual se le deniega al recurrido el derecho a juicio por jurado.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.

                        Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo