**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3551
_____

JOHN E. REARDON,
                    Appellant

v.

MAGISTRATE ZONIES; MAGISTRATE LUONGO LAWRENCE;
OFFICER DOUGHERTY; OFFICER SMITH
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-15-cv-08597)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 10, 2018

Before: VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed: April 11, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant John E. Reardon appeals the District Court's orders dismissing his complaint and denying his motion for reconsideration and leave to amend. We will affirm the District Court's judgment.

In December 2015, Reardon filed a complaint pursuant to 42 U.S.C. § 1983 against Magistrate Judge Daniel B. Zonies; Lawrence Luongo, a prosecutor; and Officers Daniel J. Dougherty and Russell J. Smith, alleging violations of his right to a jury trial and his First Amendment right to be free from retaliation, as well as the New Jersey statutory and common law analogues of those claims. The claims arise from several motor vehicle stops and corresponding municipal court hearings in Runnemede, New Jersey in 1988 and 1989, that led to convictions for lack of registration, lack of insurance, failure to use turn signals, driving with a suspended license, and use of a fictitious license plate.

Reardon subsequently filed a motion to amend the complaint, followed by seven supplemental submissions to "amend" or "correct" various mistakes in both the complaint and the proposed amended complaint, which the District Court denied without prejudice. In August 2016, defendants filed a motion to dismiss Reardon's complaint. Reardon then filed a second motion to amend/correct the complaint. This motion was never explicitly ruled upon by the District Court. Rather, the District Court granted defendants' motion to dismiss, concluding that Reardon's § 1983 claims were time-barred, and declined to exercise supplemental jurisdiction over the remaining state law claims.

Thereafter, Reardon filed a motion for reconsideration with another proposed amended complaint. By order entered on November 9, 2017, the District Court denied Reardon's motion for reconsideration and leave to amend, concluding that Reardon did not advance any arguments regarding an intervening change in the law or the availability of new evidence. Rather, he simply recited the arguments in his opposition to the motion to dismiss. The District Court further determined that its holding that the claims were time-barred also supported the conclusion that amendment would be futile. Reardon appeals.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's order dismissing Reardon's claims on statute of limitations grounds under Federal Rule of Civil Procedure 12(b)(6). See Lake v. Arnold, 232 F.3d 360, 365 (3d Cir. 2000) (citations omitted). "[W]e accept as true the factual allegations in the Complaint and draw all reasonable inferences in plaintiff's favor." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 79-80 (3d Cir. 2011). We review the denial of a Rule 59(e) motion and the underlying Rule 15 motion to amend the complaint for an abuse of discretion. See Jang v. Boston Scientific Scimed, Inc., 729 F.3d 357, 367 (3d Cir. 2013). When a timely Rule 59(e) motion has been filed, the Rule 15 and 59 inquiries involve the same factors, and leave to amend may be denied for "undue delay, bad faith, prejudice to the opposing party, or futility." Id. at 367-68.

There are numerous problems with Reardon's action. Because Reardon challenges their conduct in adjudicating and prosecuting the cases, Zonies possesses

3

judicial immunity, see, e.g., Stump v. Sparkman, 435 U.S. 349, 356 (1978), and Luongo possesses prosecutorial immunity, see Hartman v. Moore, 547 U.S. 250, 261-62 (2006). Thus, Reardon's claims against those defendants are barred.

Reardon's claim that his right to a jury trial was infringed is barred by the rule of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that "a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Reardon argues that all of his still-valid convictions should be set aside because he was improperly deprived of the right to have the charges decided by a jury. Thus, this claim falls within Heck. See generally Sullivan v. Louisiana, 508 U.S. 275, 281–82 (1993); see also Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005) (Heck applies even if the litigant "has no recourse under the habeas statute"). Moreover, even if the claim were not Heck-barred, it lacks merit, as it is well established that defendants do not have the right to a jury when they are charged, as Reardon was here, with petty offenses. See, e.g., S. Union Co. v. United States, 567 U.S. 343, 350–51 (2012); United States v. Nachtigal, 507 U.S. 1, 4-5 (1993).

While Reardon's retaliatory-prosecution claims may not be barred by Heck, see Smith v. Campbell, 782 F.3d 93, 101–02 (2d Cir. 2015), they are plainly untimely. In New Jersey, the statute of limitations for a § 1983 claim is two years. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). As the Supreme Court explained in Wallace v. Kato, 549 U.S. 384 (2007), "the tort cause of action accrues, and the statute of

4

limitations commences to run, when the wrongful act or omission results in damages."

Id. at 391 (quotation marks omitted). Reardon's retaliatory-prosecution claims accrued in 1989, when he alleges that he was ticketed and prosecuted. Reardon has not challenged that conclusion.[1] Accordingly, the District Court did not err in dismissing Reardon's federal claims.[2]

We further discern no abuse of discretion in the District Court's order denying Reardon's request for reconsideration and leave to amend. To prevail on a motion for reconsideration, a party must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). In support of his motion for reconsideration, Reardon essentially reiterated the arguments that the District Court had properly rejected; the District Court therefore did not err in denying the motion. See id.

---

[1] Reardon does argue at some length that his right-to-a-jury claim did not accrue until 2014, when he researched the law and learned of his cause of action. This argument does not address the Heck problem. In any event, the argument is faulty because "a claim accrues upon awareness of actual injury, not upon awareness that the injury constitutes a legal wrong." New Castle Cty. v. Halliburton NUS Corp., 111 F.3d 1116, 1125 (3d Cir.1997); see generally Freeman v. State, 788 A.2d 867, 880 (N.J. Super. Ct. App. Div. 2002) (holding in § 1983 case that equitable tolling did not apply because "Plaintiffs were aware of their injury and the principal actors involved at the time of the [traffic] stop").")

[2] Moreover, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Reardon's state law claims. See 28 U.S.C. § 1367(c)(3); Byrd v. Shannon, 715 F.3d 117, 128 (3d Cir. 2013).

Finally, the District Court did not err in denying Reardon's request for leave to amend. In light of the legal bars to Reardon's claims that we have discussed above, we are satisfied that amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106, 108 (3d Cir 2002).

For the foregoing reasons, we will affirm the District Court's judgment.