NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD SANDERS,<br><br>       Petitioner-Appellant,<br><br>  v.<br><br>DOMINGO URIBE, Jr., Warden,<br><br>       Respondent-Appellee. | No.   16-55120<br><br>D.C. No.<br>2:12-cv-08339-GW-JEM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted August 9, 2018
Pasadena, California

Before: TASHIMA and CHRISTEN, Circuit Judges, and RUFE,[**] District Judge.

Petitioner Donald Sanders appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. This Court granted a certificate of appealability on the following question: whether the state trial court's refusal to strike the testimony of an eyewitness, Lanny Thomas, who declined to answer

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

certain questions, violated the Confrontation Clause. At trial, Thomas unequivocally identified Petitioner as one of two gunmen who shot Joel and Rodney Mason shortly after Rare Breed Motorcycle Club's grand opening of its clubhouse in Gardena, California. Thomas also testified that although he had originally identified the second shooter, referred to as S-1, he realized that he was mistaken at a police line-up and was unable to identify the individual. During re-cross examination, Thomas refused to disclose the name or names of persons who had informed him that his original identification of S-1 was incorrect. Petitioner asserts that his right to confrontation was violated when the trial court failed to strike Thomas's testimony in light of his refusal to answer these questions. We have jurisdiction pursuant to 28 U.S.C. § 1291 and § 2253, and we affirm the district court's dismissal of the habeas petition.

1. Denial of a habeas petition is reviewed de novo, and its factual findings are reviewed for clear error. *Poyson v. Ryan*, 879 F.3d 875, 887 (9th Cir. 2018). Under AEDPA, federal courts may grant relief only where the state-court adjudication of a claim on the merits was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Petitioner argues that the California Court of Appeal erred in both respects. We disagree.

2. The California Court of Appeal reasonably concluded that Petitioner's right to confrontation was not violated by the trial court's failure to strike Thomas's testimony after he refused to answer certain questions. The Sixth Amendment's Confrontation Clause affords a criminal defendant the right to be "confronted with the witnesses against him." *Crawford v. Washington*, 541 U.S. 36, 42 (2004) (citation omitted). "This has long been read as securing an adequate opportunity to cross-examine adverse witnesses." *United States v. Owens*, 484 U.S. 554, 557 (1988). Here, defense counsel was given "wide latitude" to extensively cross-examine Thomas on his observations during the shooting, on his identification of Petitioner, on any inconsistencies in his testimony, and on his refusal to answer certain questions, thus exposing any potential bias and casting doubt on his credibility.[1] Therefore, the state appellate court's decision was not contrary to or an unreasonable application of clearly established federal law.

3. Even if there had been a Confrontation Clause violation, any error was harmless. Petitioner is "not entitled to habeas relief based on trial error unless [he] can establish that it resulted in actual prejudice." *Brecht v. Abrahamson*, 507 U.S.

---

[1] Petitioner takes issue with the California Court of Appeal's conclusion that no constitutional violation occurred in part because the questions Thomas refused to answer were collateral to the determination of guilt. The Court of Appeal relied on *United States v. Cardillo*, 316 F.2d 606, 611 (2d Cir. 1963), which held that a trial court is not required to strike the entirety of a witness's testimony if the question he refuses to answer pertains to a collateral matter. Because the state appellate court reasonably concluded that counsel had an adequate opportunity to cross-examine Thomas, it is not necessary to determine whether its collateral matters analysis, standing alone, would satisfy the Confrontation Clause.

619, 637 (1993) (internal quotation marks and citations omitted). Relevant factors in determining prejudice include "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).

Thomas's testimony was in large part either corroborated, cumulative, or probed extensively on cross-examination. Furthermore, the trial court issued a limiting instruction directing that jurors could reject Thomas's testimony if they believed that he had refused to answer questions or had attempted to conceal evidence. Most significantly, the prosecution's case was strong. Both Joel and Rodney Mason placed Petitioner in the clubroom at the time of the shooting and Rodney unequivocally identified Petitioner as one of the shooters. Based on this record, any error was harmless.

4. Petitioner also has not established by clear and convincing evidence that the California Court of Appeal's factual determinations were unreasonable.[2] *Burt v.*

---

[2] Appellee asserts Petitioner waived this claim because he failed to assert it in the district court. Petitioner's *pro se* petition is to be liberally construed, and seeks relief based on a violation of his right to confront the witnesses against him. In his reply brief, he cites to both § 2254(d)(1) and (d)(2), and notes that the state appellate court's decision was "based upon an unreasonable determination of the facts." This claim under § 2254(d)(2) is not waived.

*Titlow*, 571 U.S. 12, 18 (2013). While the state appellate court referred to Thomas's refusal to answer only one question, this statement was not objectively unreasonable because at issue was a single *line* of questioning on "the identity of persons who" provided information about the other shooter that Thomas did not answer. The state appellate court then reasonably rejected Petitioner's unsupported assumptions that had Thomas named his sources, it would have led to additional eyewitnesses or undermined the identification of Petitioner.

5. Because Petitioner failed to establish that the California Court of Appeal's decision was contrary to or an unreasonable application of clearly established law, or based on an unreasonable determination of facts, the district court's denial of his habeas petition will be **AFFIRMED**.