**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 22 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-30004 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00228-JCC-2 |
| v. | |
| RICHARD W REID, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted August 19, 2024
Seattle, Washington

Before: HAWKINS, McKEOWN, and DE ALBA, Circuit Judges.

Richard Reid ("Reid") appeals his conviction for four counts of violating the

federal Anti-Kickback statute[1] and one count of conspiring to violate the same

statute,[2] arguing there is insufficient evidence to support his convictions. Reid also

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] 42 U.S.C. § 1320a-7b(b)(1)(B) and 18 U.S.C. § 2.

[2] 18 U.S.C. § 371.

challenges a condition of supervised release that prohibits him from possessing firearms while he is under supervision, arguing it violates his right under the Second Amendment. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

1. The sufficiency of the evidence to support a conviction is reviewed de novo. *United States v. Ruiz*, 462 F.3d 1082, 1087–88 (9th Cir. 2006). We will affirm a conviction if we determine, after reviewing the evidence in the light most favorable to the prosecution, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (internal quotation omitted). In various emails, Reid tied the remuneration his lab, Northwest Physicians Laboratories LLC ("NWPL"), received to the number of samples NWPL provided to other labs. The amount the other labs paid NWPL increased as the number of samples provided increased. Reid and his colleagues discussed the number of samples NWPL provided when negotiating contracts with the other labs. Though the contracts stated that NWPL would receive payment for marketing the other labs, it does not appear that NWPL meaningfully fulfilled this obligation. Based on this evidence and other evidence adduced at trial, a rational trier of fact could find that Reid violated, and conspired to violate, the federal Anti-Kickback statute.

2. "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *New York Rifle and Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022). The government must justify any regulation that burdens conduct the Second Amendment's plain text covers "by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* The two important questions we must ask are "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified[.]" *Id.* at 29 (citing *McDonald v. City of Chicago*, 561 U.S. 742, 767 (2010)).

We typically review the constitutional issues as a matter of law de novo but, if the constitutional challenge was not made below, the issue is reviewed for plain error. *United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)) (quotation marks omitted). "If these three conditions of the plain error test are met, an appellate court may exercise its discretion to notice a forfeited error that (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted). "An error is plain if it is clear or obvious under current law." *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003) (citing *United States v. Olano*, 507 U.S.

3

725, 734 (1993)). "An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *Id*. (citing *United States v. Thompson*, 82 F.3d 849, 855–56 (9th Cir. 1996)). There is no need to determine if the district court erred by prohibiting Reid from possessing firearms during the period of supervised release. Even if the district court did err, the error was not clear or obvious under current law. Therefore, Reid's constitutional challenge fails.

**AFFIRMED.**