**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4039

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SATYASHEEL S. KORPE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:24-cr-00210-MSN-IDD-1)

Submitted:  June 12, 2025                                    Decided:  June 17, 2025

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Christopher Leibig, THE LAW OFFICE OF CHRISTOPHER LEIBIG, Alexandria, Virginia, for Appellant.  Erik S. Siebert, United States Attorney, James Reed Sawyers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, a magistrate judge found Satyasheel S. Korpe guilty of violating a closure, in violation of 36 C.F.R. § 1.5(f) (2024); unsafe operation of a motor vehicle, in violation of 36 C.F.R. § 4.22(a) (2024); and driving while intoxicated, in violation of 36 C.F.R. § 4.23(a)(2) (2024). The magistrate judge imposed a total fine of $425 and sentenced Korpe to one year of supervised probation. Korpe appealed and the district court affirmed the judgment. Korpe now appeals to this court. For the following reasons, we affirm.

On February 24, 2024, at approximately 1:30 A.M., two United States Park Police officers were performing a closure of Gravelly Point Park, which closed at 10 P.M. The officers made an announcement over their loudspeaker for the people in the park to leave. When one vehicle did not leave, the officers again made an announcement that the park was closed and everyone must leave. Korpe, who was in the backseat of the remaining vehicle, then got into the driver's seat and drove the vehicle away from the exit to the park. When Korpe made a sudden movement with the vehicle, the officers initiated a traffic stop. Korpe did not stop, but took a right turn, jumping a curb and finally stopping on a grassy area. Korpe failed several field sobriety tests and the officers placed him under arrest. When the officers searched the vehicle, they found a bottle of alcohol, a shot glass, and an alcoholic beverage in the vehicle. Later that morning, Korpe took two breath tests that measured his blood alcohol level as .135% and .138%.

Prior to the bench trial, Korpe moved for a jury trial and sought to assert an affirmative public authority defense. The magistrate judge denied Korpe's motion for a

2

jury trial and granted the Government's motion to preclude Korpe from presenting a public authority defense. Just prior to the trial, Korpe also sought to introduce an innocent intent defense. The magistrate judge also denied this request. On appeal, Korpe argues that the magistrate judge erred in denying his motion for a jury trial and in precluding him from arguing the defenses of public authority and innocent intent.

With respect to Korpe's motion for a jury trial, "[i]t has long been settled that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision." *Blanton v. City of N. Las Vegas*, 489 U.S. 538, 540 (1989) (internal quotation marks omitted). Generally, where the punishment for an offense does not exceed six months of imprisonment, the offense is considered petty and there is no right to a jury trial. *Id.* at 542-45. In *Blanton*, the Supreme Court held that a defendant charged with driving under the influence, for which he could be sentenced to six months of imprisonment, a $1000 fine, a suspension of his driver's license, and/or community service, was a petty offense for which there was no right to a jury trial. *Id.* at 544-45. In addition, "[a]n individual convicted of driving under the influence, in violation of 36 C.F.R. § 4.23(a)(1) . . . is not constitutionally entitled to a jury trial." *United States v. Nachtigal*, 507 U.S. 1, 5 (1993).

Here, the offenses with which Korpe was charged and convicted are petty offenses. Driving while intoxicated is a class B misdemeanor and carries a maximum punishment of six months of imprisonment, a $5000 fine, and/or a five-year term of probation. *See Nachtigal*, 507 U.S. at 2. In addition, the offenses of violating a closure and unsafe operation of a motor vehicle carry the same penalties. *See* 36 C.F.R. § 1.3 (2024); 18

3

U.S.C. § 1865(a).  Therefore, because these offenses are petty offenses, *see Nachtigal*, 507 U.S. at 5, Korpe was not entitled to a jury trial and the magistrate judge did not err in denying Korpe's motion.

Korpe also argues on appeal that the magistrate judge erred in precluding him from raising the public authority defense.  "The public authority defense allows the defendant to seek exoneration based on the fact that he reasonably relied on the authority of a government official to engage him in a covert activity."  *United States v. Fulcher*, 250 F.3d 244, 253 (4th Cir. 2001) (cleaned up).  To invoke the defense, the defendant must demonstrate "reasonable reliance upon the actual authority of a government agent to engage him in a covert activity."  *Id.* at 254.

Here, the magistrate judge did not err in precluding Korpe from relying on this defense as there was no evidence to support application of the defense.  Initially, the officers did not direct Korpe to drive his vehicle, they merely directed the occupants of the park to leave.  Therefore, they did not engage Korpe in any covert or illegal activity.  Moreover, even if the officers had actual authority to sanction Korpe's driving illegally, Korpe did not reasonably rely on any such authority because the officers did not instruct Korpe to drive, but merely to leave the park.  Finally, even if Korpe could rely on the defense of public authority, he did not do so here as he failed to comply with the directions to leave the park because he drove away from the only park exit.

Lastly, Korpe argues that the magistrate judge erred in precluding him from invoking the innocent intent defense.  This court has not recognized the innocent intent defense.  *United States v. Galecki*, 932 F.3d 176, 190 (4th Cir. 2019).  However, even if

4

the defense was available to Korpe, the innocent intent defense merely negates criminal intent if the defendant "honestly believed he was performing the otherwise-criminal acts in cooperation with the government." *Id.* at 252 (internal quotation marks omitted). This is not a "defense per se, but a defense strategy aimed at negating the mens rea of the crime, an essential element of the prosecution's case." *Id.* (internal quotation marks omitted). Under this strategy, "criminal intent is negated if two elements are met: (1) the defendant honestly believed that he was acting in cooperation with the government and (2) the government official or officials upon whose authority the defendant relied possessed actual authority to authorize his otherwise criminal acts." *Id.* at 253.

Here, the innocent intent defense has no application because driving while intoxicated is not a specific intent crime. "[I]f a criminal statute does not specify a heightened mental element, such as specific intent, general intent is presumed to be the required element." *United States v. Darby*, 37 F3.3d 1059, 1066 (4th Cir. 1994) (internal quotation marks omitted). Here, the regulation criminalizing driving while intoxicated provides that "[o]perating or being in actual physical control of a motor vehicle is prohibited while . . . [t]he alcohol concentration in the operator's blood or breath is 0.08 grams or more of alcohol per . . . 210 liters of breath." 36 C.F.R. § 4.23(a)(2). As the statute does not specify a heightened mental element, driving while intoxicated is a general intent crime. Therefore, the Government only had to prove that Korpe intended to operate the vehicle, not that he intended to operate the vehicle while having a blood alcohol level above 0.08%. *See Darby*, 37 F.3d at 1066 (discussing general versus specific intent requirements). Thus, the innocent intent defense, which excuses the criminal intent

5

element of a crime, has no application to the offense of driving while intoxicated. Moreover, even if the defense could apply to a driving while intoxicated offense, there was no evidence to support a determination that Korpe believed he acted in cooperation with the Government when he drove his vehicle away from the park exit while intoxicated.

Accordingly, we affirm the district court's order affirming the magistrate judge's judgment. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*