Filed 7/31/25  P. v. Wasson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C101231 |
| Plaintiff and Respondent, | (Super. Ct. No. CM028831) |
| v. | |
| JESSE MICHAEL WASSON, | |
| Defendant and Appellant. | |

In 2012, defendant Jesse Michael Wasson was sentenced to 50 years to life pursuant to the Three Strikes law, plus four one-year terms for prior prison enhancements imposed under Penal Code section 667.5, subdivision (b).[1]  In 2023, defendant filed a resentencing petition asking the court to dismiss the enhancements, strike a prior strike under section 1385, subdivision (a) and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), and apply any other changes in law that could reduce his

---

[1] All further undesignated statutory references are to the Penal Code.

1

sentence.  In response to the People's opposition to the petition, defendant expressly stated he was not raising the issue considered in *People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978, review granted Mar. 12, 2024, S283305 (*Guevara*), and *People v. Kimble* (2024) 99 Cal.App.5th 746, review granted Apr. 24, 2024, S284259 (*Kimble*).  The trial court struck the four prior prison enhancements and resentenced defendant to 50 years to life.

On appeal, defendant raises the issue considered in *Guevara* and *Kimble*.  Because we conclude defendant waived that issue in the trial court, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2010, a jury convicted defendant of possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1) – count 1); possession of ammunition by a prohibited person (Pen. Code, § 12316, subd. (b)(1) – count 2); possession of a controlled substance – methamphetamine (Health & Saf. Code, § 11377, subdivision (a) – count 3); possession of a concealed firearm (Pen. Code, § 12025, subdivision (a)(2) – count 4); possession of cannabis (Health & Saf. Code, § 11357, subd. (a) – count 5); manufacturing a controlled substance - methamphetamine (Health & Saf. Code, § 11379.6, subd. (a) – count 6); and misdemeanor resisting arrest (§ 148, subd. (a)(1) – count 7).  The court also found true that defendant suffered two prior strikes.

In 2012, after denying defendant's *Romero* motion, the trial court sentenced defendant to consecutive terms of 25 years to life under the Three Strikes law for counts 1 and 6 and imposed concurrent terms of 25 years to life for counts 2 through 5.  The court also imposed four consecutive one-year terms for four prior prison term enhancements under section 667.5, subdivision (b).

In 2022, the Department of Corrections and Rehabilitation notified the trial court that defendant was eligible for resentencing under section 1172.75.  In 2023, defendant filed a petition for resentencing.  Among other things, the petition asked the court to dismiss the legally invalid prior prison enhancements under section 1172.75, strike one of

2

defendant's prior strikes pursuant to section 1385 and *Romero*, and "[a]pply any other changes in law that could reduce his sentence."

The prosecution conceded that section 1172.75 permitted the court to strike the now legally invalid prior prison enhancements. Citing *Kimble* and *Guevara*, the prosecution argued that the trial court should not apply the resentencing required by the Three Strikes Reform Act. In response, defendant insisted he was solely invoking the court's authority to strike one of his strikes under *Romero*, expressly stating that "[t]he issue before the court is *not the issue* decided in *Guevara* and *Kimble* cited by the People." (Italics added.)

At the hearing on the petition, defendant argued that the court could consider a second *Romero* request. The prosecution argued that defendant posed a high risk of violence if released and that allowing broader resentencing than striking the enhancements would contravene the Three Strikes Reform Act. The court concluded it lacked the authority to entertain a second *Romero* request. Even assuming it did have that authority, the court noted it would deny the request. The court struck the prior prison term enhancements and resentenced defendant to 50 years to life.

Defendant appeals.

DISCUSSION

Defendant contends *Kimble* was wrongly decided. On that basis, he contends the trial court should have sentenced him as a one-strike defendant, directing us to consider the dissenting opinion in *Guevara*. But defendant expressly waived the issue considered in *Kimble* and *Guevara* when he petitioned for resentencing. (See *People v. Saunders* (1993) 5 Cal.4th 580, 590, fn. 6 ["[W]aiver is the 'intentional relinquishment or abandonment of a known right' "]; see also *People v. Rogers* (2025) 108 Cal.App.5th 340, 362-363 [distinguishing the application of section 1385 and *Romero* from the Three Strikes law and the Three Strikes Reform Act].) We refuse to allow defendant to reverse course and assert this waived issue on appeal. (*United States v. Olano* (1993) 507 U.S.

3

725, 732-733 [If a defendant intentionally relinquishes and abandons a known legal right, the matter lies beyond the scope of appellate review].)

DISPOSITION

The judgment is affirmed.

/s/ _____
MESIWALA, J.

We concur:

/s/ _____
HULL, Acting P. J.

/s/ _____
FEINBERG, J.