**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4558

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

v.

AARON HERNANDEZ,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:07-cr-00065-LMB)

Argued:  March 18, 2008           Decided:  May 6, 2008

Before WILKINSON and MOTZ, Circuit Judges, and William L. OSTEEN, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Christopher Robert Kennedy Leibig, ZWERLING, LEIBIG & MOSELEY, P.C., Alexandria, Virginia, for Appellant. Jennifer Lee, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:** Chuck Rosenberg, United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Hernandez appeals his order of conviction and sentence for driving while intoxicated ("DWI") on the George Washington Memorial Parkway, in violation of 36 C.F.R. § 4.23(a)(1). Hernandez argues that he was entitled to a jury trial on that charge. This contention, however, is foreclosed by the Supreme Court's holdings in <u>Blanton v. City of North Las Vegas</u>, 489 U.S. 538, 541 (1989) and <u>United States v. Nachtigal</u>, 507 U.S. 1, 6 (1993), which make clear that there is no right to a jury trial for petty offenses, and specifically, no right to a jury trial for alleged violations of 36 C.F.R. § 4.23(a)(1). Therefore, we affirm the judgment of the district court.

I.

Around 1 a.m. on October 1, 2006, Hernandez was traveling northbound on the George Washington Memorial Parkway in his Jaguar when United States Park Police Officer Evan McKinney clocked his speed at approximately seventy-five miles per hour in a properly posted fifty mile-per-hour zone. After observing Hernandez cross the center line twice, Officer McKinney initiated a traffic stop. As he approached Hernandez's car, Officer McKinney detected the smell of alcohol coming from Hernandez. Officer McKinney then administered standard field sobriety tests, which Hernandez did not complete successfully. Hernandez was arrested, and a chemical

2

analysis of his blood sample confirmed that his blood alcohol level was .13g/100mL.

On November 16, 2006, Hernandez was charged with various driving related offenses, including possession of a Schedule IV controlled substance in violation of 21 U.S.C. § 844 (amended by the superceding criminal information as a violation of 36 C.F.R. § 2.35(b)(2)) (count one); and DWI in violation of 36 C.F.R. § 4.23(a)(2) (count two). The DWI offense, as charged under 36 C.F.R. § 4.23(a)(2), carries a maximum penalty of six months' incarceration, a $5000.00 fine, and a $10.00 special assessment. 36 C.F.R. §§ 1.3(a); 18 U.S.C. §§ 3571(b)(6) and (e) (2000). As an alternative to imprisonment for a violation of 36 C.F.R. § 4.23(a)(1), the sentencing court may impose a term of probation not to exceed five years. 18 U.S.C. § 3561(a)(3). The sentencing court has discretion to attach various conditions to the probationary term. Id. § 3563(b).

Hernandez filed a motion for jury trial on the DWI offense. He argued that because this would be his third DWI conviction in five years and could potentially lead to penalties beyond the maximum six months' incarceration under the C.F.R., the charge was serious enough to warrant a Sixth Amendment right to jury trial. Relying upon the Supreme Court's decisions in Blanton and Nachtigal, the district court denied Hernandez's motion. Specifically, the district court stated that because DWI under 36

3

C.F.R. § 4.23(a)(1) carries a maximum term of imprisonment of six months, it is presumptively a "petty" offense which does not carry a right to trial by jury under the Sixth Amendment. Moreover, the district court rejected Hernandez's argument that additional penalties under either 36 C.F.R. § 4.23(a)(1) or under Virginia recidivism statutes transformed DWI into a "serious" offense for purposes of the Sixth Amendment.

On March 14, 2007, Hernandez entered a guilty plea to counts one and two with a reservation of his right to appeal the district court's denial of his motion for a jury trial on the DWI offense. For count one, Hernandez was sentenced to two years' supervised probation with the special condition that he serve ten days' incarceration, a $5000.00 fine, and a $10.00 special assessment. For count two, the DWI, Hernandez was sentenced to three years' supervised probation with the special condition that he serve sixty days' incarceration, a $1,000.00 fine, and a $10.00 special assessment.

Hernandez timely appeals.

## II.

Hernandez maintains that he has a Sixth Amendment right to a jury trial on the DWI charge. In order to determine whether a right to jury trial attaches to a particular offense, courts must examine "objective indications of the seriousness with which

4

society regards the offense." <u>Blanton</u>, 489 U.S. at 541. "The best indicator of society's views is the maximum penalty set by the legislature," with the primary emphasis being upon "the maximum authorized period of incarceration." <u>Nachtigal</u>, 507 U.S. at 3. Where a maximum prison term for an offense is no higher than six months, the offense is presumed to be "petty," even if accompanied by additional penalties, and thus no right to jury trial attaches. <u>Blanton</u>, 489 U.S. at 543. While this presumption can be overcome by a showing that such additional penalties "viewed in conjunction with the maximum authorized period of incarceration . . . are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one," <u>id.</u>, the Supreme Court has held that the additional penalties for DWI set forth in 36 C.F.R. § 4.23(a)(2) do not render that offense "serious" for purposes of the Sixth Amendment. <u>Nachtigal</u>, 507 U.S. at 5-6.

In the face of this directly controlling Supreme Court precedent, Hernandez nonetheless contends that his DWI is "serious" for Sixth Amendment purposes because of (1) "additional statutory penalties" found in Virginia recidivism statutes; (2) the unique circumstances of his particular DWI offense; and (3) evolving societal views of driving while intoxicated. We address each of these arguments in turn.

5

A.

Hernandez contends that "additional statutory penalties" found in Virginia recidivism statutes -- statutes under which he was not charged -- render his DWI offense a "serious" one for Sixth Amendment purposes. Specifically, Hernandez points out that, although he was charged with DWI under 36 C.F.R. § 4.23(a)(2), this court should consider that had he been charged under the relevant Virginia DWI statutes, he would have been subject to a mandatory minimum prison term of six months and a minimum five year license suspension. Va. Code. Ann. §§ 18.2-270, -271, 46.2-391 (2005). Hernandez also claims that the penalties contained in 36 C.F.R. § 4.23(a)(1) do not truly reflect a "legislative" judgment regarding the seriousness of the DWI offense because the relevant regulation was created by the Secretary of the Interior.

These arguments are all foreclosed by the Supreme Court's decision in Nachtigal. As to the Virginia recidivism statutes, Hernandez points to no case indicating that we should look to penalties prescribed by statutes under which he was not even charged to determine whether his crime entitles him to a jury trial. In fact, the Supreme Court expressly instructs that laws passed by different legislatures are "irrelevant to the question whether a particular legislature deemed a particular offense 'serious.'" Nachtigal, 507 U.S. at 4 (citing Blanton, 489 U.S. at 545, n.11). Here, Hernandez faced only those penalties associated

6

with a DWI offense charged under the C.F.R. It is therefore the legislative judgment contained in 36 C.F.R. § 4.23(a)(1) and the Supreme Court's holding that § 4.23(a)(1) is a petty offense that guides our analysis and requires us to reject Hernandez's argument that "additional statutory penalties" render his DWI offense "serious" for purposes of the Sixth Amendment.

As to the role of the Secretary of the Interior, the Supreme Court expressly held that 36 C.F.R. § 4.23(a)(1) is not "stripped of its 'legislative' character merely because the Secretary [of the Interior] has final authority to decide, within the limits given by Congress, what the maximum prison sentence will be for a violation of a given regulation." Nachtigal, 507 U.S. at 4.


B.

Hernandez next contends that the unique circumstances of his particular DWI offense render it "serious" for purposes of the Sixth Amendment. Hernandez argues that additional penalties he potentially faced as third-time DWI offender (beyond the possibility of six months of incarceration under 36 C.F.R. § 4.23(a)(1)) render his particular DWI "serious." Specifically, Hernandez maintains that because he faced both the possible aggregation of penalties on his two separate petty offenses and the

7

collateral consequence of license revocation under Virginia law, he was entitled to a jury trial.[1]

Hernandez's first argument -- that the potential aggregation of penalties for two separate petty offenses renders his DWI "serious" for Sixth Amendment purposes -- is also foreclosed by Supreme Court precedent. The Supreme Court has made clear that being "charged with two counts of a petty offense does not revise the legislative judgment as to the gravity of [a] particular offense, nor does it transform the petty offense into a serious one." Lewis v. United States, 518 U.S. 322, 327 (1996). Moreover, the district court did not even impose an aggregate sentence of more than six months incarceration on the two petty offenses for which Hernandez was convicted.

Supreme Court precedent also forecloses Hernandez's argument that the loss of driving privileges he potentially faces under Virginia law for a third DWI conviction render his DWI offense "serious" for Sixth Amendment purposes. In Nachtigal, the Supreme Court held that the regulatory revocation of the defendant's license was not "constitutionally significant" in regard to the

---

[1] Hernandez also argues that the mandatory minimum sentence of incarceration for a third DWI under Va. Code Ann. § 18.2-270, which might have been (but was not) imposed upon him pursuant to Virginia's comity policy, renders his DWI offense "dramatically more serious than other six month offenses under the CFR." We again decline Hernandez's invitation to make a determination regarding the seriousness of his DWI offense based upon a survey of penalties contained in statutes under which he was neither charged nor sentenced. See Nachtigal, 507 U.S. at 4.

8

right to a trial by jury. 507 U.S. at 4. We therefore reject Hernandez's argument that the circumstances of his case render his DWI conviction uniquely "serious" under the Sixth Amendment.

## C.

Finally, Hernandez argues that we should revisit the standard for defining the "seriousness" of an offense set forth by the Supreme Court in Blanton and find that a DWI is indeed a "serious" offense for purposes of the Sixth Amendment. In particular, Hernandez contends that the development of Virginia's drunk driving laws and of society's views regarding the seriousness of drunk driving offenses demonstrate that "the line between serious and petty under the Sixth Amendment evolves."

It goes without saying that the decisions of the Supreme Court bind the circuit courts of appeals. We accordingly shall not adopt Hernandez's proposed common-law methodology for determining whether an offense is "serious" for purposes of the Sixth Amendment -- a methodology the Supreme Court explicitly rejected in favor of the objective, statutory-maximum-penalty analysis we applied above. See, e.g., Lewis, 518 U.S. at 326-27.

For the foregoing reasons, we affirm the judgment.

AFFIRMED.

9