NOT DESIGNATED FOR PUBLICATION

Nos. 113,781
114,111

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF MISSION, KANSAS,
*Appellee*,

v.

CHRIS FOLKERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed December 2, 2016. Affirmed.

*Chris Folkers*, appellant pro se.

*Laurel R. Kupka*, of Payne & Jones, Chartered, of Overland Park, for appellee.

Before POWELL, P.J., PIERRON and HILL, JJ.

*Per Curiam*: Chris Folkers, pro se, appeals two convictions for traffic infractions. The cases were consolidated on appeal. He contends the district court was without jurisdiction to convict him and that his constitutional rights were violated. Folkers is incorrect, and we affirm.

On April 26, 2014, Officer Roy Castle of the Mission Police Department observed Folkers operating a motor vehicle in excess of the speed limit in Mission. Officer Castle cited Folkers for speeding 68 miles per hour in a 55 miles-per-hour zone in violation of

1

Mission Municipal Code Section 310.010. Officer Castle served on Folkers a uniform complaint and notice to appear.

Then, on September 4, 2014, Officer Jeremy Assal, of the Mission Police Department, observed Folkers operating a motor vehicle in excess of the speed limit in Mission. Officer Assal cited Folkers for speeding 34 miles per hour in a 20 miles-per-hour zone in violation of Mission Municipal Code Section 310.010. Officer Assal served on Folkers a uniform complaint and notice to appear.

Folkers entered no contest pleas to both charges. Judge Robert G. Scott of the Mission Municipal Court found Folkers guilty in each case. Folkers appealed to the Johnson County District Court. The cases were assigned to Judge Thomas Kelly Ryan.

In March 2015, Folkers filed a motion to disqualify Judge Ryan. Judge Ryan heard and denied the motion on March 6, 2015. After that, Chief Judge Kevin Moriarty of the Johnson County District Court also reviewed and denied the motion.

Both cases proceeded to trial. The April 2014 infraction was tried to the court on April 13, 2015. Officer Castle testified that he observed Folkers operating a motor vehicle traveling 68 miles per hour in a 55 miles-per-hour zone. Officer Castle testified the violation occurred within the city limits of Mission. The district court found Folkers guilty of speeding. The court imposed a fine of $95 plus court costs.

The September 2014 citation was tried to the court on June 11, 2015. Officer Assal testified that he observed Folkers operating a motor vehicle traveling 34 miles per hour in a 20 miles-per-hour zone. Officer Assal testified the violation occurred within the city limits of Mission. The district court found Folkers guilty of speeding. The court imposed a $150 fine.

Folkers filed a notice of appeal in both cases claiming a lack of jurisdiction, violation of due process, denial of the right to a jury trial, lack of a legally competent administrator, and obstruction of constitutional rights.

*The district court had jurisdiction.*

Folkers contends that the district court was without subject matter jurisdiction primarily because no one testified on the record to establish all jurisdictional facts.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Dull*, 302 Kan. 32, 61, 351 P.3d 641 (2015), *cert. denied* 136 S. Ct. 1364 (2016).

K.S.A. 2015 Supp. 12-4104 provides that the municipal court of each city "shall have jurisdiction to hear and determine cases involving violations of the ordinances of the city." A prosecution for violation of a municipal ordinance is commenced by the filing of a complaint with the municipal court. K.S.A. 12-4201. The requirements of the complaint are set forth in K.S.A. 12-4202. A law enforcement officer serves the complaint together with a notice to appear on the accused. K.S.A. 2015 Supp. 12-4203.

A defendant then has the right to appeal to the district court any conviction in municipal court for violations of municipal ordinances within 14 days from the date of the judgment appealed. K.S.A. 2015 Supp. 12-4601; K.S.A. 2015 Supp. 22-3609(a)-(b). An appeal to the district court is taken by the filing of a notice of appeal. K.S.A. 2015 Supp. 22-3609(b). A district court judge is assigned to hear the case. K.S.A. 2015 Supp. 22-3609(a). The district court hears and determines the case on the original complaint. K.S.A. 22-3610.

Police officers properly served a complaint and notice to appear on Folkers for violations of Mission Municipal Code Section 310.010. The Mission Municipal Court had jurisdiction to hear and determine the cases. See K.S.A. 2015 Supp. 12-4104. Folkers filed notices of appeal in both cases. The cases were then properly within the jurisdiction of the Johnson County District Court.

*The district court did not violate Folkers' constitutional right to a jury trial.*

Folkers contends that his right to a jury trial was violated. He argues the denial of a jury trial violated his substantive and procedural due process rights.

Whether a defendant's constitutional rights were violated is a question of law over which this court's review is unlimited. *State v. Bowen*, 299 Kan. 339, 354, 323 P.3d 853 (2014).

Kansas statutes provide that appeals from municipal judges in traffic infraction cases "shall be tried by the court." K.S.A. 2015 Supp. 22-3609(d); K.S.A. 22-3404(5). These Kansas statutes do not violate the right to a jury trial under the Kansas or United States Constitutions. The Kansas Supreme Court interprets the jury-trial right under the Kansas Constitution consistent with the United States Supreme Court's interpretation of the Sixth Amendment. *State v. Carr*, 300 Kan. 1, 56, 331 P.3d 544 (2014), *rev'd in part on other grounds* 577 U.S. ___, 136 S. Ct. 633, 193 L. Ed. 2d 535 (2016).

It is well settled that there are a class of "petty offenses" to which no jury trial right attaches. *Blanton v. City of North Las Vegas*, 489 U.S. 538, 541, 109 S. Ct. 1289, 103 L. Ed. 2d 550 (1989); *State v. Irving*, 216 Kan. 588, 589, 533 P.2d 1225 (1975); *State v. Woolverton*, 52 Kan. App. 2d 700, 701, 371 P.3d 941 (2016), *petition for rev. filed* May 31, 2016. In determining whether an offense is petty, primary emphasis is placed on the maximum period of incarceration. A crime in which the maximum term of

imprisonment is 6 months is presumptively a petty offense. In such case, a defendant is entitled to a jury trial only if the defendant can demonstrate the additional statutory penalties are so severe that they "clearly reflect a legislative determination that the offense in question is a 'serious' one." *Blanton*, 489 U.S. at 542-43; *Woolverton*, 52 Kan. App. 2d at 702.

In *United States v. Nachtigal*, the United States Supreme Court held that a traffic offense with a maximum term of 6 months' imprisonment and a maximum fine of $5,000 was a petty offense to which the constitutional right to a jury trial did not apply. 507 U.S. 1, 4-6, 113 S. Ct. 1072, 122 L. Ed. 2d 374 (1993); see *Southern Union Co. v. United States*, 132 S. Ct. 2344, 2351-52, 183 L. Ed. 2d 318 (2012). In *Southern Union Co.*, the Court held that insubstantial fines do not trigger the right to a jury trial. In *Woolverton*, this court held that an offense with a maximum punishment of 6 months' incarceration and a fine of $500 was a petty offense to which no jury trial right attaches. 52 Kan. App. 2d 700, Syl. ¶ 3.

Folkers was charged with speeding offenses in violation of Mission Municipal Code Section 310.010. The maximum penalty for the traffic infractions was a fine. The fines for the offenses were less than $200. Thus, the infractions were petty offenses, and Folkers was not entitled to a jury trial.

*There is no evidence that Judge Ryan was biased or prejudiced against Folkers.*

Folkers contends that Judge Ryan intentionally and knowingly obstructed his credibility examination of witnesses and introduction of evidence. Folkers argues Judge Ryan and others were biased against him and deprived him of his constitutional rights.

Folkers does not explain how any of Judge Ryan's evidentiary rulings were in violation of the rules of evidence, and we find no basis in the record for such a

conclusion. Folkers was permitted to cross-examine the prosecution's witnesses. The court did admit into evidence copies of Officer Castle's and Officer Assal's oaths of office. The court did not abuse its discretion in determining the oath of office of a nonwitness was not relevant and excluding the same. See *State v. Page*, 303 Kan. 548, 550-51, 363 P.3d 391 (2015). Moreover, any erroneous admission or exclusion of evidence was harmless error. See K.S.A. 2015 Supp. 60-261; *State v. Longstaff*, 296 Kan. 884, 895, 299 P.3d 268 (2013). Folkers' questioning of the witnesses did not have any bearing on the officers' credibility or Folkers' guilt to the charged infractions.

There was no violation of Folkers' constitutional rights because Judge Ryan presided over his trial. Folkers filed a pretrial motion to disqualify Judge Ryan. The motion is not in the record. Judge Ryan heard the motion on March 6, 2015. Folkers primarily complained that Judge Ryan had denied his demand for a jury trial. Judge Ryan considered and denied the motion. Chief Judge Kevin Moriarty of the Johnson County District Court also reviewed and denied the motion. The district court found that the arguments in Folkers' motion were meritless and frivolous. The court found that Folkers "did not provide an Affidavit setting forth specific facts showing that Judge Ryan is in any way biased or prejudiced against Defendant. Defendant's misunderstanding of his right to a jury trial on a speeding ticket, does not warrant a recusal." Folkers contends he filed an affidavit on March 13, 2015. But there is no affidavit in the record on appeal. Regardless, Folkers still has not stated any facts that support a finding of bias or prejudice.

There is no evidence of bias or prejudice in the record. The court's denial of Folkers' motion to dismiss and his request for a jury trial do not amount to bias or prejudice. Rather, Folkers merely disagrees with the court's rulings. But Folkers is wrong on the law.

*The district court did not err by relying on the testimony of Officers Castle and Assal.*

Folkers contends that the court erred by determining Officers Castle and Assal were police officers. He contends that Officers Castle's and Assal's oaths of office do not match the statutorily prescribed oath of office. The defense exhibits that Folkers refers to are not part of the record on appeal. Folkers, as the party claiming an error occurred, had the burden to designate a record that affirmatively showed an error occurred. Without such a record, this court presumes the action of the trial court was proper. See *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015).

Folkers contends that the district court was not permitted to make fact determinations or decide the credibility of the witnesses.

However, the judge is the finder of fact in a bench trial. *State v. Pratt*, 255 Kan. 767, 769, 876 P.2d 1390 (1994); *State v. Dority*, 50 Kan. App. 2d 336, Syl. ¶ 3, 324 P.3d 1146 (2014), *rev. denied* 301 Kan. 1048 (2015). On review, the appellate court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses. *State v. Lewis*, 301 Kan. 349, Syl. ¶ 2, 344 P.3d 928 (2015).

Officers Castle and Assal were fact witnesses. Officer Castle testified that he was employed as a police officer with the City of Mission. He testified he observed Folkers speeding within the city limits of Mission. On cross-examination, he testified he took the oath of office administered by the City of Mission. The court admitted a copy of Officer Castle's oath of office into evidence.

Officer Assal testified that he was employed as a police officer with the City of Mission. He testified he observed Folkers speeding within the city limits of Mission. On cross-examination, he testified he took an oath of office. The court admitted Officer Assal's oath of office into evidence.

The district court did not err by making fact or credibility determinations based on the officers' testimony.

Folkers also makes various other unexplained claims that are unsupported by the law or the record. A point raised incidentally in a brief and not argued therein is deemed abandoned. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015). Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority is akin to failing to brief the issue. *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015).

Affirmed.