# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 20-3008**

**September Term, 2021**

FILED ON: OCTOBER 15, 2021

UNITED STATES OF AMERICA,

APPELLEE

v.

YUEHUA JIN,

APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cr-00171-1)

Before: ROGERS and JACKSON, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED** for the reasons set forth in the attached memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41 (b); D.C. Cir. R. 41.

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Scott H. Atchue
Deputy Clerk

**MEMORANDUM**

This case arises from the conviction of Yuehua Jin for interfering with the progress of a diplomatic motorcade that was traveling through Washington, D.C. Jin wanted to submit a complaint to Chinese Vice Premier Liu He who was meeting with the United States Secretary of the Treasury in May 2019. On May 9, Jin was holding up a piece of paper and shouting from the sidewalk in protest of the Chinese delegation. Jin attempted to run into the street several times, but police officers restrained her from entering an area that had been closed off to pedestrian traffic near the United States Trade Representative building. The officers told Jin she would be arrested if she ran into the street again. Officers continued to block Jin from entering the street until the delegation departed. The next day, as the delegation was returning from a meeting in a motorcade with lights and sirens on, Jin ran into the street, stood directly in front of the oncoming motorcade, and held a piece of paper above her head. The motorcade had to brake hard and swerve to avoid hitting Jin. A nearby officer, who observed the incident, ran toward Jin, removed her from the street, and placed her under arrest.

The United States charged Jin with attempting to obstruct a foreign official in violation of 18 U.S.C. § 112(b)(2) ("Count 1") and interfering with protective functions in violation of 18 U.S.C. § 118 ("Count 2"). Before trial, the government filed an unopposed motion to dismiss Count 2 on the basis that it wanted to proceed only on the most readily provable charge. The district court granted that motion. Count 1 is a Class B misdemeanor punishable by no more than six-months imprisonment, a fine of $5,000, or both. *See* 18 U.S.C. §§ 112(b), 3559(a)(7), 3571(b)(6). Accordingly, the government determined that Jin was not entitled to a trial by jury and requested a bench trial. Both parties agreed that Jin was not constitutionally entitled to a jury trial. But Jin filed a motion asking the district court to grant a jury trial as a matter of discretion. The district court declined. After a bench trial, the district court found Jin guilty beyond a reasonable doubt on Count 1 and sentenced her to twelve months' probation and imposed a $10 special assessment. We affirm.

**I**

Jin makes three arguments on appeal: (1) that the district court abused its discretion by not ordering a jury trial; (2) that there was insufficient evidence to support her conviction; and (3) that her conduct was protected by the First Amendment.

First, the district court did not abuse its discretion. As an initial matter, both parties agree—and are quite correct—that Jin was not constitutionally entitled to a jury because her offense of conviction was punishable by no more than six-months imprisonment. *See United States v. Nachtigal*, 507 U.S. 1, 3–5 (1993); *Blanton v. City of N. Las Vegas*, 489 U.S. 538, 541 (1989); *Duncan v. Louisiana*, 391 U.S. 145, 159 (1968).

However, Jin argues that the district court should have exercised its discretion to grant her a jury trial anyway.[1] Jin appeals to the "spirit of the Constitutional right to a jury." Appellant Brief at 14. This argument is unpersuasive. For support she relies on the dissenting opinion in *Ross v. Bernhard*, 396 U.S. 531 (1970). She also argues that the district court neither discussed nor distinguished *United States v. Greenpeace*, 314 F. Supp. 2d 1252, 1263 (S.D. Fla. 2004), in which the judge exercised discretion to grant a jury trial. But, of course, the district court was not bound by the *dissenting* opinion in *Ross*; nor was it under an obligation to discuss or distinguish a case from the Southern District of Florida. Finally, Jin asserts that the district court erred in crediting the government's explanation for dismissing Count 2. Based on our review of the record, this finding was not clearly erroneous. What's more, to the extent that Jin's argument on appeal relies on information that is not in the record, we cannot consider it.

We think that the district court reasonably concluded that a jury trial was not warranted. First, the district court weighed the public's interest in efficient law enforcement and judicial economy against Jin's asserted interests in a jury trial. Second, the court considered the government's decision to dismiss Count 2 and concluded there was no prejudice to her pretrial preparations. Accordingly, the denial of Jin's motion for a jury trial was not an abuse of discretion.

## II

Turning to Jin's second argument, we believe the evidence was sufficient to support Jin's conviction. We review challenges to the sufficiency of the evidence de novo, and must view the evidence in the light most favorable to the government, and affirm a guilty verdict where "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Jin "bears an exceedingly heavy burden" to overturn the verdict for insufficient evidence. *United States v. Salamanca*, 990 F.2d 629, 637 (D.C. Cir. 1993).

---

[1] On appeal, the government argues in the alternative that the district court did not have discretion to order a jury trial. The government raises this argument for the first time on appeal. "Generally, an argument not made in the lower tribunal is deemed forfeited and will not be entertained absent 'exceptional circumstances.'" *Flynn v. Comm'r*, 269 F.3d 1064, 1068–69 (D.C. Cir. 2001) (internal citation omitted). Finding no exceptional circumstances here—and the government offers none—this argument is forfeited, and we decline to consider it.

As relevant here, 18 U.S.C. § 112(b) prohibits any "attempts to . . . obstruct a foreign official in the performance of his duties." Jin concedes that the Chinese Vice Premier was a foreign official. She argues that the evidence was insufficient to show that she willfully attempted to or did obstruct, hinder, or impede the motorcade's free movement and that she willfully intended to obstruct the Vice Premier's performance of his duties.

Jin's evidentiary sufficiency challenge is defeated by the unchallenged videotape of the events on May 9th. The May 9 videotape depicts Jin's interactions with law enforcement officials, who told her to remain on the sidewalk as she was protesting and that she would be arrested if she stepped into the street again. Jin's contention on appeal boils boil down to a disagreement with the inferences the district court drew from the evidence. Jin would have the court view the evidence in the light most favorable to her. Viewing the evidence in the light most favorable to the government, as we must, a rational trier of fact could find beyond a reasonable doubt that Jin willfully attempted to obstruct a foreign official when she impeded the Vice Premier's motorcade on May 10th.

## III

Jin's conviction comports with the First Amendment. Jin's argument amounts to the proposition that, as applied to her, 18 U.S.C. § 112(b)(2) limited her ability to speak and therefore violated her First Amendment rights. To be sure, when Jin obstructed the Vice Premier's motorcade, she was engaged in expressive activity. But that does not end our analysis.

Section 112(b)(2) is a content-neutral law. "A content-neutral regulation will be sustained under the First Amendment if it advances important governmental interests unrelated to the suppression of free speech and does not burden substantially more speech than necessary to further those interests." *Turner Broad. Sys., Inc. v. FCC*, 520 U.S. 180, 189 (1997). That is, we apply intermediate scrutiny. "Under this standard a government regulation is constitutional if (1) it is within the constitutional power of the Government; (2) it furthers an important or substantial governmental interest; (3) the governmental interest is unrelated to the suppression of free expression; (4) the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest; and (5) the regulation leaves open ample alternative channels for communication." *Edwards v. Dist. of Columbia*, 755 F.3d 996, 1001–02 (D.C. Cir. 2014) (internal quotation marks and citations omitted).

We conclude that, as applied to Jin, section 112(b)(2) satisfies intermediate scrutiny. First, the government has an important interest in protecting foreign officials and visitors. Second, there is no evidence in the record that the government's enforcement of section 112(b)(2) against

Jin was motivated by the content of her speech or suppressing speech in general. Third, Jin had ample alternative channels to communicate her message. Notably, Jin was not arrested on May 9 when she held up her piece of paper and shouted from the sidewalk as the Vice Premier's motorcade approached. *See A.N.S.W.E.R. Coalition v. Basham*, 845 F.3d 1199, 1215–16 (D.C. Cir. 2017) (finding no violation of the First Amendment where regulations restricting access to parts of the inaugural parade route left open "alternative channels alongside the celebration and parade that [were] directly visible to [the protestors'] target audiences"). To be sure, enforcing section 112(b)(2) against Jin had an incidental impact on her expressive conduct. But that incidental restriction was not greater than necessary to further a legitimate governmental interest. Accordingly, Jin's conviction under section 112(b)(2) does not violate the First Amendment.

* * *