10-4248-cr (L)
United States v. Dugan

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2011

(Argued: October 24, 2011        Decided: December 5, 2011)

Docket Nos. 10-4248-cr (L), 10-4537-cr (CON)

_____

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

RICHARD R. DUGAN, THEODORE A. PUCKETT,

*Defendants-Appellants.*

_____

Before: WALKER, KATZMANN, and WESLEY, *Circuit Judges*.

Appeal from a judgment of conviction for violating the Freedom of Access to Clinic Entrances Act ("FACE Act"), 18 U.S.C. § 248, entered on November 3, 2010, by the United States District Court for the Southern District of New York (Sweet, *J.*), following a bench trial. We hold that Defendant-Appellant Richard R. Dugan was charged with a petty offense and was thus not entitled to a jury trial. **AFFIRMED**.

_____

Counsel for Defendant-Appellant Dugan:          DARRELL B. FIELDS, Federal Defenders of
                                                 New York, Inc., Appeals Bureau, New
                                                 York, N.Y.


Counsel for Appellee:                            ALVIN L. BRAGG, JR., Assistant United
                                                 States Attorney (Brent S. Wible, Assistant
                                                 United States Attorney, *on the brief*), *for*
                                                 Preet Bharara, United States Attorney for
                                                 the Southern District of New York, New
                                                 York, N.Y.

_____

PER CURIAM:

Defendant-Appellant Richard R. Dugan appeals from a judgment of conviction entered

on November 3, 2010, by the United States District Court for the Southern District of New York

(Sweet, *J.*), following a bench trial. The district court found Dugan guilty of physically

obstructing access to a reproductive services facility in violation of the Freedom of Access to

Clinic Entrances Act ("FACE Act"), 18 U.S.C. § 248. On appeal, Dugan contends, *inter alia*,

that he was entitled to a jury trial as opposed to a bench trial.[1] Because we conclude that Dugan

was charged with a petty offense, we agree with the district court that Dugan was not entitled to

a jury trial.

## I.  Background

Defendant-Appellant Richard Dugan was arrested on December 12, 2009, outside of a

Planned Parenthood clinic located in New York, New York (the "Clinic"), which provides

_____

[1] Dugan also challenges the supervised release condition barring him from knowingly
going within 1,000 feet of a reproductive health clinic. We address this issue, as well as the sole
issue raised on appeal by Defendant-Appellant Theodore Puckett, in a separate summary order in
which we (1) vacate the district court's imposition of the challenged condition of supervised
release to allow the district court to consider whether the condition is narrowly tailored to serve a
compelling government interest, and (2) conclude that there was sufficient evidence to support
Puckett's conviction.

various reproductive health services, including abortions. During an anti-abortion protest, Dugan stood in front of the main entrance to the Clinic, thus preventing people from entering. Dugan was charged with a class B misdemeanor under the FACE Act, 18 U.S.C. § 248(a), which makes it a crime to engage in nonviolent physical obstruction of a reproductive health facility and carries penalties for nonviolent first-time offenders of up to six months' imprisonment and a $10,000 fine, *id.* § 248(b).

On March 10, 2010, Dugan was arraigned before Magistrate Judge Debra C. Freeman, and he informed the court that he wished to proceed *pro se*. He was permitted to have standby counsel. Dugan initially appeared before Judge Robert W. Sweet on March 18, 2010 by telephone. During this conference, Judge Sweet scheduled the trial date and the date for filing pre-trial motions. After Dugan got off the line, there was a discussion about whether the case should be tried by a jury and Judge Sweet indicated that he would hold a bench trial as opposed to a jury trial. Dugan's standby counsel did not object. On March 22, 2010, the district court issued an order stating, *inter alia*, that "the trial shall proceed as a non-jury bench trial." Dugan App. 37. Before the trial commenced, co-defendant Theodore Puckett objected for the first time that he was entitled to a jury trial rather than a bench trial. Dugan, however, never raised any such challenge below.

The bench trial was held on April 26, 2010. At trial, the Government presented testimony from a Clinic staff member, two security guards working at the Clinic the day Dugan was arrested, two New York City Police Department officers who arrested Dugan, as well as photographs of the Clinic. The Government's evidence demonstrated, among other things, that Dugan stood directly in front of the Clinic's main entrance, that he failed to move after being

-3-

told to do so by a security guard, that he prevented a Clinic staff member from entering the Clinic by pushing her with his stomach, and that even after police officers arrived at the scene and instructed Dugan to move, Dugan continued to block the main door of the Clinic. At the trial's conclusion, the district court found Dugan guilty of the single offense charged in the information.

## II.    Discussion

A district court's legal conclusions, such as whether an offense is "serious" and thus whether a defendant is entitled to a jury trial, are reviewed *de novo*, *see United States v. Weingarten*, 632 F.3d 60, 63-64 (2d Cir. 2011); *United States v. Carmenate*, 544 F.3d 105, 107 (2d Cir. 2008), but when a party fails to object to a district court's legal ruling, the ruling is typically only reviewed for plain error. *See* Fed. R. Crim. P. 52(b). The Government contends that because Dugan never objected to the district court's decision to hold a bench trial, this issue can only be reviewed for plain error. Dugan argues that we should review this issue *de novo* because he was proceeding *pro se*, had no meaningful opportunity to object to the district court's decision, and never expressly waived his right to a jury trial. Because we find that the district court made no error in concluding that Dugan was not entitled to a jury trial, we need not reach the question of the applicable standard of review in this case.

The right to a jury trial is guaranteed by Article III, § 2 and the Sixth Amendment of the U.S. Constitution. However, the Supreme Court has long held that this right only applies to prosecutions of "serious," and not "petty," offenses. *See, e.g.*, *Lewis v. United States*, 518 U.S. 322, 325-26 (1996); *United States v. Nachtigal*, 507 U.S. 1, 3-4 (1993) (per curiam); *Blanton v. City of N. Las Vegas*, 489 U.S. 538, 541-42 (1989); *Muniz v. Hoffman*, 422 U.S. 454, 475-77

(1975); *Duncan v. Louisiana*, 391 U.S. 145, 159-60 (1968). In determining whether an offense is "petty" or "serious," we consider the maximum penalties for the offense, "plac[ing] primary emphasis on the maximum prison term authorized." *Lewis*, 518 U.S. at 326. "While penalties such as probation or a fine may infringe on a defendant's freedom, the deprivation of liberty imposed by imprisonment makes that penalty the best indicator of whether the legislature considered an offense to be 'petty' or 'serious.'" *Id.* In this vein, the Supreme Court has held that any offense that carries a maximum term of six months or less is presumed to be petty. *See id.* This presumption can be overcome "only if [the defendant] can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." *Blanton*, 489 U.S. at 543.

On appeal, Dugan contends that he was entitled to a jury trial because Congress has defined a "petty offense" as:

> a Class B misdemeanor, a Class C misdemeanor, or an infraction, for which the maximum fine is no greater than the amount set forth for such an offense in section 3571(b)(6) or (7) in the case of an individual . . . .

18 U.S.C. § 19. When read in conjunction with 18 U.S.C. §§ 3559(a)(7)-(9) and 3571(b)(6)-(7), this provision defines "petty offense" as a crime punishable by no more than six months in prison and by a fine of no more than $5,000. Because Dugan faced a maximum monetary penalty of $10,000, as opposed to $5,000, he argues that the district court erred in holding a bench trial. We disagree.

Because offenses carrying prison sentences of six months or less are presumed to be petty, in order to overcome this presumption, Dugan would have to demonstrate that the $10,000

-5-

monetary penalty is "so severe" as to "reflect a legislative determination that the offense in question is a 'serious' one." *Blanton*, 489 U.S. at 543. While Dugan is correct that the $10,000 maximum fine is $5,000 more than the maximum monetary penalty enumerated in the statutory definition of "petty offense," the Supreme Court has never adopted this statutory definition as defining the contours of the constitutional right to a jury trial, and we cannot agree that the additional $5,000 is "so severe" as to transform this otherwise petty offense into a serious one. *See Muniz*, 422 U.S. at 476-77 (concluding that the contempt offense was a petty offense notwithstanding the fact it carried a fine that exceeded the maximum fine set forth in the statutory definition of "petty offense").

In holding that the district court properly conducted a bench trial in this case, we join two of our sister circuits, the Seventh Circuit and the Eleventh Circuit, which have both held that FACE Act offenses like this one, *i.e.*, nonviolent, first-time offenses, are not "serious" and thus do not require a jury trial. In *United States v. Soderna*, 82 F.3d 1370 (7th Cir. 1996), the Seventh Circuit concluded that the $10,000 fine set forth in 18 U.S.C. § 248 is not so great "as to make *clear* that Congress considered a first-time blockade of an abortion clinic a serious offense." *Id.* at 1378 (emphasis in original). While suggesting that a hypothetical $1 million fine would probably lead to the "inference that the offense was serious rather than petty," the *Soderna* court noted that it "need not decide . . . where between $5,000 and $1 million the line should be drawn." *Id.* at 1379. The Eleventh Circuit, agreeing with the Seventh Circuit's reasoning in *Soderna*, has also held that a jury trial is not required for nonviolent physical obstructions under 18 U.S.C. § 248(b). *See United States v. Unterburger*, 97 F.3d 1413, 1415-16

(11th Cir. 1996).[2]  Because we agree with these decisions, we conclude that the district court

properly conducted a bench trial in this case.

### III.    Conclusion

Accordingly, for the foregoing reasons, the judgment of the district court is hereby

**AFFIRMED**.

---

[2] The Ninth Circuit's decision in *United States v. Clavette*, 135 F.3d 1308 (9th Cir. 1998), similarly suggests that the offense at issue in this case is "petty" notwithstanding the $10,000 maximum monetary penalty.  In *Clavette*, a case addressing a violation of a regulation pertaining to endangered or threatened species, the Ninth Circuit held that "the addition of a $25,000 fine to a prison term of not more than six months does not reflect a clear Congressional determination" that the offense at issue was a "serious offense."  *Id.* at 1310.