23-6327 (L)
*United States v. Gnahore*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty-six.

PRESENT:

> ROBERT D. SACK,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                           Nos. 23-6327 (Lead),
>                                                                       23-6359 (Con)

SALIFOU CONDE, SEKHOU TOURE, ALSENY KEITA, ABRAHIM DUKURAY, ABOUBAKAR BAKAYOKO, ISSIAGA SYLLA,

*Defendants*,

SYLVAIN GNALI GNAHORE, FALIKOU KONE,

*Defendants-Appellants*.

_____

| | |
|---|---|
| **For Defendant-Appellant Sylvain Gnali Gnahore:** | Michelle Anderson Barth, Law Office of Michelle Anderson Barth, Burlington, VT. |
| **For Defendant-Appellant Falikou Kone:** | Falikou Kone, *pro se*, Cresson, PA. |
| **For Appellee:** | Kevin Grossinger, James Ligtenberg, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 17, 2023 and April 4, 2023 judgments of the district court are **AFFIRMED**.

Sylvain Gnali Gnahore appeals from a judgment of conviction following his plea of guilty to bank fraud, in violation of 18 U.S.C. §§ 1344 and 2 (Count Two). Falikou Kone appeals from a judgment following a jury trial in which he was convicted of (1) wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count Two);

(2) bank fraud, in violation of 18 U.S.C. §§ 1344 and 2 (Count Three); and

(3) transporting stolen vehicles, in violation of 18 U.S.C. §§ 2312 and 2 (Count

Four). Gnahore's and Kone's respective convictions stemmed from their

participation in a scheme to defraud banks using fake aliases and false checks (the

"Check Fraud Scheme"), and a scheme to steal cars from rental car companies (the

"Stolen Car Scheme").

In this consolidated appeal, Gnahore contends that his counsel was

constitutionally ineffective by stipulating in his plea agreement to a Sentencing

Guidelines calculation based on intended (rather than actual) loss. *See* U.S.S.G.

§ 2B1.1. Meanwhile, Kone, proceeding *pro se*, raises a plethora of jurisdictional,

evidentiary, constitutional, and sentencing challenges to his conviction. We

assume the parties' familiarity with the underlying facts, procedural history, and

issues on appeal, to which we refer only as necessary to explain our decision.

## I. Gnahore's Counsel Was Not Constitutionally Ineffective.[1]

Gnahore's sole argument on appeal is that his trial counsel provided

ineffective assistance of counsel when he stipulated in the plea agreement to a

---

[1] Although it is "preferable" for ineffective-assistance claims to be brought under a motion pursuant to 28 U.S.C. § 2255, we may review such claims on direct appeal where, as here, "the factual record is fully developed and resolution of the Sixth Amendment claim on direct appeal is beyond any doubt or in the interest of justice." *United States v. Gaskin*, 364 F.3d 438, 468 (2d

3

Guidelines calculation predicated on "intended loss." Gnahore Br. at 16; *see* U.S.S.G. § 2B1.1(b)(1); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). But as Gnahore concedes in his Rule 28(j) letter, this argument is foreclosed by our decision in *United States v. Rainford*, 110 F.4th 455 (2d Cir. 2024). There, we held that "the application note defining loss [to include intended loss] is neither inconsistent with nor a plainly erroneous reading of the [G]uideline," and thus remains "'authoritative.'" *Id.* at 475 (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)). Because the "failure to make a meritless argument does not rise to the level of ineffective assistance," *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995), we conclude that Gnahore's counsel was not constitutionally deficient.

## II.    Kone's Challenges to His Conviction Are Without Merit.

Unlike Gnahore, whose brief is focused on a sole appellate issue, Kone raises a host of arguments, including that:   (1) the indictment was insufficiently specific, depriving the district court of jurisdiction; (2) his transportation-of-stolen-motor-vehicles count was improperly joined in the indictment; (3) the wire-fraud and bank-fraud counts should have been dismissed for retroactive misjoinder; (4) the district court erred by denying his motions to suppress evidence; (5) the district

---

Cir. 2004) (internal quotation marks omitted).

court erred by denying his motion for a subpoena pursuant to Federal Rule of Criminal Procedure 17(c); (6) the government committed general misconduct; (7) his sentence was procedurally and substantively unreasonable; and (8) his counsel was constitutionally ineffective. Although "[w]e liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest," Kone's arguments are plainly meritless. *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (alteration rejected and internal quotation marks omitted).

## A. Subject-Matter Jurisdiction.

Kone first contends that the district court lacked subject-matter jurisdiction because "all three counts of conviction[]" charged in the fourth superseding indictment – wire fraud (Count Two), bank fraud (Count Three), and transportation of stolen motor vehicles (Count Four) – failed to "specif[y] . . . the elements of the crime[s]" or the locations in which they were committed. Kone Br. at 5. We disagree.

We review denials of motions to dismiss an indictment *de novo*. *See United States v. Scott*, 394 F.3d 111, 116 (2d Cir. 2005). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an

5

acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also* Fed. R. Crim. P. 7(c)(1). But "an indictment need not be perfect," *United States v. Sabbeth*, 262 F.3d 207, 218 (2d Cir. 2001), so long as it adequately informs a defendant of the "core of criminality" of the charged offense, *United States v. D'Amelio*, 683 F.3d 412, 417 (2d Cir. 2012) (emphasis and internal quotation marks omitted). Thus, a sufficient indictment must "do little more than . . . track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Balde*, 943 F.3d 73, 89 (2d Cir. 2019) (internal quotation marks omitted). Finally, where, as here, "a defendant raises an objection [to the indictment] after a verdict has been rendered, we have held that an indictment should be interpreted liberally, in favor of sufficiency." *Sabbeth*, 262 F.3d at 218.

Here, the indictment was sufficiently specific by any measure. Regarding the wire- and bank-fraud offenses, the indictment (1) alleged the dates that the offenses occurred; (2) explained that the offenses occurred "in the Southern District of New York and elsewhere," Dist. Ct. Doc. No. 252 at 2–4; (3) "closely track[ed] the language of the statute," *Balde*, 943 F.3d at 89; (4) specifically alleged, as to Count Two, that Kone "participated in a scheme to open accounts,

6

fraudulently deposit stolen and manipulated checks into those accounts, and then use and withdraw funds from those accounts, causing wire communications to be sent," Dist. Ct. Doc. No. 252 at 3; (5) specifically alleged, as to Count Three, that Kone "participated in a scheme to open accounts, fraudulently deposit stolen and manipulated checks into those accounts, and then use and withdraw funds from those accounts," *id.* at 3–4; and (6) specifically alleged, as to Count Four, that Kone "participated in a scheme to rent vehicles using fraudulent identity documents and . . . transport them to another state for shipment to a foreign country," *id.* at 4. Because the "core of criminality of an offense involves the essence of a crime, in general terms," rather than "the particulars of how a defendant effected the crime," Kone's subject-matter jurisdiction challenge fails. *D'Amelio*, 683 F.3d at 418 (internal quotation marks omitted).

## B. Joinder.

Kone next argues that Count Four (transportation of stolen motor vehicles) was improperly joined to the indictment. When a defendant fails to move for severance under Federal Rule of Criminal Procedure 14 "either before or during the trial," however, any claim of improper joinder is "waived." *United States v. Tillem*, 906 F.2d 814, 827 (2d Cir. 1990); *see also* Fed. R. Crim. P. 12(b)(3)(B)(iv).

7

Because Kone concedes that he did not move for a severance before or during trial, he has waived any improper joinder claim.

## C. Retroactive Misjoinder.

Kone also asserts that his convictions for Counts Two (wire fraud) and Three (bank fraud) should be reversed based on retroactive misjoinder. Again, we disagree.

"The term 'retroactive misjoinder' refers to circumstances in which the 'joinder of multiple counts was proper initially, but later developments – such as a district court's dismissal of some counts for lack of evidence or an appellate court's reversal of less than all convictions – render the initial joinder improper.'" *United States v. Hamilton*, 334 F.3d 170, 181 (2d Cir. 2003) (quoting *United States v. Jones*, 16 F.3d 487, 493 (2d Cir. 1994)). "In order to be entitled to a new trial on the ground of retroactive misjoinder, a defendant must show compelling prejudice," *id.* at 181–82 (internal quotation marks omitted), which may be demonstrated through "prejudicial spillover" – that is, where "the jury, in considering one particular count or defendant, was affected by evidence that was relevant only to a different count or defendant," *id.* at 182.

The retroactive-misjoinder doctrine does not apply here because there was no "dismissal of some counts for lack of evidence" and no "reversal of less than all

8

convictions." *Id.* at 181 (internal quotation marks omitted). Though the jury acquitted Kone on Counts Five (wire fraud related to a separate alleged criminal scheme) and Six (aggravated identity theft), "no case has held that a defendant was entitled, on the ground of retroactive misjoinder, to a new trial on the counts of conviction simply because the jury found the government's proof on *other* counts unpersuasive." *Id.* at 183 (emphasis added). Similarly, Count One (conspiracy to commit wire fraud and bank fraud) was dismissed voluntarily by the government before trial, meaning the "jury, in considering [this] particular count," could not have been "affected by evidence that was relevant only to [the conspiracy] count." *Id.* at 182. And even if we were to assume that the initial joinder of the counts was improper, Kone has not satisfied the "extremely heavy burden" to show prejudicial spillover. *United States v. Griffith*, 284 F.3d 338, 351 (2d Cir. 2002).

### D. Denial of Suppression Motions.

Next, Kone challenges the district court's denial of motions to suppress evidence seized from his home and his person during a stop. "When reviewing the grant or denial of a motion to suppress, we apply a *de novo* standard of review of the district court's conclusions of law and a deferential, clear-error standard of

review of the district court's findings of fact." *United States v. Smith*, 967 F.3d 198, 204 (2d Cir. 2020).

*1. The Warrant to Search Kone's Residence Was Supported by Probable Cause.*

Kone first contends that the district court erred in denying his motion to suppress all evidence obtained from the November 2020 search of his Bronx apartment (the "Apartment"), or, in the alternative, to hold a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Kone alleges that the warrant authorizing the search was "misleading and inaccurate" and that police "officers lied in their police report." Kone Br. at 33. In particular, he asserts that an affidavit (the "Affidavit") submitted by a law-enforcement officer in support of the search warrant "describ[ing] the 'Subject Premises'" and "the type of evidence to be searched for and seized" omitted material information related to a non-testifying co-defendant. Dist. Ct. Doc. No. 416 at 2. He insists that without that information, the warrant was unsupported by probable cause. We are unpersuaded.

"Probable cause is not a high bar," *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (internal quotation marks omitted), and requires the issuing officer "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and

10

'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place," *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)). As relevant here, warrant affidavits are entitled to "a presumption of validity," *Franks*, 438 U.S. at 171, and "[e]very statement in a warrant affidavit does not have to be true," *United States v. Trzaska*, 111 F.3d 1019, 1027 (2d Cir. 1997).

Here, Kone fails to show that the district court erred in denying his suppression motion or in refusing to hold a *Franks* hearing. Following the proper procedures for when a defendant alleges there were false statements in an affidavit, *see United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000), the district court "[s]et[] aside the paragraphs . . . Kone identifie[d] as problematic," but found that "the Affidavit nonetheless provide[d] adequate facts to support the finding that there was probable cause to search the Apartment," Dist. Ct. Doc. No. 416 at 6. For example, the Affidavit chronicled Kone's prior arrest, where he was found in possession of "more than 30 identification cards bearing different names, several bank debit cards bearing no name, hologram stickers, and a card[-]skimming device," some of which were directly connected to the Apartment. *Id.*

11

at 7–8 (internal quotation marks omitted).   We therefore see no misapplication of the law or clearly erroneous factual findings in the district court's conclusions.[2]

Kone also asserts that evidence taken from his apartment, including a shipping invoice and his children's "mini iPads," was "illegally seized outside the scope of the search warrant."   Kone Br. at 28, 30.   Because Kone did not raise these objections in the district court, we review for plain error.   *See United States v. Dugan*, 667 F.3d 84, 86 (2d Cir. 2011).   "To establish plain error, a defendant must demonstrate:   (1) error, (2) that is plain, and (3) that affects substantial rights."   *United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019) (internal quotation marks omitted); *see also* Fed. R. Crim. P. 52(b).   "If all three conditions are met, we will then exercise our discretion to rectify this forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."   *Id.* (internal quotation marks omitted).

Kone cannot satisfy this high standard.   The invoice fell within the terms of the search warrant, which covered a variety of articles, including "[i]tems, records, or information regarding ownership of the Subject Premises."   Red Br. Add. at 4;

---

[2] Our conclusion necessarily forecloses any argument that the government engaged in "prosecutorial misconduct" by using evidence collected from the Apartment "to indict and convict [Kone] at trial."   Kone Br. at 31.

*see United States v. Bershchansky*, 788 F.3d 102, 111 (2d Cir. 2015) (explaining that we "look directly to the text of the search warrant to determine the permissible scope of an authorized search"). As for his children's iPads, Kone does not dispute that no evidence relating to these iPads was even introduced at trial, and so the seizure cannot be said to have affected his substantial rights or undermined the fairness, integrity, or public reputation of judicial proceedings. *See Bleau*, 930 F.3d at 39.

*2. Reasonable Suspicion Supported the* Terry *Stop.*

Kone further argues that the district court erred in refusing to suppress all evidence – including dozens of fake debit cards and identification cards – seized following his October 2020 *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1 (1968). Again, we disagree.

*Terry* authorizes "investigatory stops based on reasonable suspicion" of crime. *United States v. Bailey*, 743 F.3d 322, 326 (2d Cir. 2014). To determine whether reasonable suspicion supported a *Terry* stop, we view "the totality of the circumstances through the eyes of a reasonable and cautious officer on the scene, whose insights are necessarily guided by the officer's experience and training." *United States v. Santillan*, 902 F.3d 49, 56 (2d Cir. 2018). This standard is "not high," *Bailey*, 743 F.3d at 332 (internal quotation marks omitted), and requires only

"a particularized and objective basis for suspecting the particular person stopped of criminal activity," *Navarette v. California*, 572 U.S. 393, 396 (2014) (internal quotation marks omitted).

Kone's arguments are unpersuasive because ample suspicion supported the *Terry* stop here. Following a suppression hearing, the district court credited the arresting officer's testimony that he received a verbal report from the NYPD's Fortieth Precinct detailing the make, model, color, year, and license-plate number of a stolen vehicle that matched "the vehicle in which [Kone] was later found." Dist. Ct. Doc. No. 519 at 12. This prompted the officer to conduct a license-plate search to confirm – "before he arrived at the scene" – that the vehicle was indeed "stolen." *Id.* NYPD records corroborated the officer's testimony, indicating that the officer ran the vehicle's license-plate number roughly thirty minutes before approaching the vehicle. By any measure, the government presented sufficiently compelling evidence "to give rise to a reasonable suspicion that criminal activity 'may be afoot,'" warranting denial of Kone's suppression motion. *Bailey*, 743 F.3d at 332 (quoting *Terry*, 392 U.S. at 30).

Nor did the district court err in denying Kone's request to have an additional NYPD officer testify at the suppression hearing. That officer's

14

anticipated testimony would have merely duplicated a fact that the government had already conceded – namely, that there was no "hit" from a license plate reader on the car in which Kone was riding at the time of the stop. Because the issue was not in dispute, we cannot say that the district court's decision to exclude this testimony under Federal Rule of Evidence 403 was "manifestly erroneous." *United States v. Litvak*, 808 F.3d 160, 179 (2d Cir. 2015) (internal quotation marks omitted); *see also* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence.").

## E. Rule 17(c) Subpoena Request.

Kone next challenges the district court's denial of his post-trial motion for a subpoena pursuant to Federal Rule of Criminal Procedure 17(c), in which he sought to obtain the call records of the arresting officer from the day of his October 2020 *Terry* stop and arrest.

Rule 17(c) allows the government and defendants to subpoena documents and other evidence to be introduced as evidence at trial. But the Rule was "not intended to provide a means of discovery for criminal cases," *United States v. Nixon*, 418 U.S. 683, 698 (1974), and subpoena requests designed as "fishing expedition[s] to see what may turn up," *Bowman Dairy Co. v. United States*, 341 U.S.

15

214, 221 (1951), should be denied. To show entitlement to documents under a Rule 17(c) subpoena, a party must demonstrate "(1) relevancy; (2) admissibility; [and] (3) specificity." *Nixon*, 418 U.S. at 700.

We review the denial of a Rule 17(c) request for abuse of discretion. *See id.* at 702. Here, there was none. As explained above, "compelling" evidence – including NYPD records – corroborated the arresting officer's testimony that he knew the vehicle in which Kone sat was stolen *before* he approached it. Dist. Ct. Doc. No. 519 at 12; *see also* Dist. Ct. Doc. No. 426 at 6. Moreover, as the district court explained, the government attempted to recover and produce the officer's cellphone records prior to trial, "but the records were simply unavailable." Dist. Ct. Doc. No. 519 at 12. This, coupled with the fact that Kone waited until after both the suppression hearing and trial to request the records, leads us to agree with the district court that "Kone's request [wa]s nothing more than a post-hoc fishing expedition." *Id.*

Kone does not dispute this reasoning on appeal. Instead, he contends that the district court's denial of the Rule 17(c) subpoena request deprived him of the right of compulsory process to obtain witnesses in his favor under the Sixth Amendment. But he does not plausibly demonstrate *how* the cellphone records

16

he sought would have materially supported his defense. We therefore cannot say that the district court "rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks omitted); *see also United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) (emphasizing that a defendant "must at least make some plausible showing of how [the relevant] testimony would have been both material and favorable to his defense").

### F. Kone's Sentence Was Procedurally and Substantively Reasonable.

Kone also challenges the procedural and substantive reasonableness of his sentence. These arguments are unavailing.

"We review a district court's sentencing decision for procedural and substantive reasonableness, using a deferential abuse-of-discretion standard." *United States v. Vargas*, 961 F.3d 566, 570 (2d Cir. 2020) (internal quotation marks omitted). That standard "incorporates *de novo* review of questions of law (including interpretations of the Guidelines) and clear-error review of questions of fact." *Id.* (internal quotation marks omitted). And because Kone raised no procedural objections at sentencing, we once more review for plain error.[3]

---

[3] Though Kone did not raise his substantive-reasonableness challenge below, "[w]e have not

17

*1.  Procedural Reasonableness.*

"A district court errs procedurally when it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [section] 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (internal quotation marks omitted).

Kone alleges two procedural errors. *First*, he contends that the district court improperly denied him a hearing pursuant to *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979), on the loss amount calculated by the Presentence Investigation Report ("PSR"). *Second*, Kone argues that the court failed to properly weigh the section 3553(a) factors. Both arguments lack merit.

To begin, the district court was not obligated to hold a *Fatico* hearing. As we have explained, district courts are "not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes." *United States v. Phillips*, 431 F.3d 86, 93

---

decided whether plain[-]error review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). But we need not answer that question today because Kone's challenge fails even if we review for abuse of discretion.

18

(2d Cir. 2005) (internal quotation marks omitted).   Instead, "[a]ll that is required is that the court afford the defendant some opportunity to rebut the [g]overnment's allegations."   *Id.* (internal quotation marks omitted).

Kone had ample opportunities to challenge the loss-amount calculations through objections to the PSR and through his sentencing submission, as well as at sentencing itself.   What is more, Kone did not seek a *Fatico* hearing before or during sentencing and even now fails to identify what evidentiary issues such a hearing would have resolved.

The district court likewise did not commit any error – let alone plain error – in explaining Kone's sentence.   The court noted that "federal law require[d] [it] to impose a sentence that [wa]s reasonable and no greater than necessary to accomplish the goals of sentencing" and emphasized that it had "considered all the required sentencing factors as well as the [G]uidelines."   Dist. Ct. Doc. No. 552 at 45.   The district court then walked through the section 3553(a) factors, including (1) "the nature and circumstances of [Kone's] offense," which the court deemed to be "undoubtedly serious"; (2) Kone's "lengthy criminal history"; and (3) "the need to provide just punishment while avoiding unwarranted disparities."   *Id.* at 45–46.   In short, the court committed no procedural error.

19

2. *Substantive Reasonableness.*

A sentence is substantively unreasonable if it is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). To establish that a sentence is substantively unreasonable, defendants "bear[] a heavy burden" because our review is "particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). And we will not "substitute our own judgment for the district court's on the question of what is sufficient to meet the [section] 3553(a) considerations in any particular case." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

Kone fails to demonstrate that his seventy-two-month sentence was substantively unreasonable. Though Kone's sentence was fifteen months above his Guidelines range of forty-six to fifty-seven months' imprisonment, we have long held that "in the great majority of cases, a range of sentences – frequently extending well beyond the narrow ranges prescribed by the Guidelines – must be considered reasonable." *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008); *see also Irizarry v. United States*, 553 U.S. 708, 714 (2008) (underscoring that "a sentence outside the Guidelines carries no presumption of unreasonableness").

Here, the district court thoroughly explained its reasons for Kone's above-Guidelines sentence. The court chronicled Kone's criminal history and personal characteristics, emphasized that Kone "was not a minor player" in the criminal scheme, Dist. Ct. Doc. No. 552 at 33, and underscored that "what's really important is specific deterrence" given that Kone had continued to commit fraud after being caught in other schemes, *id.* at 47. On the other side of the ledger, the court highlighted certain mitigating factors, including Kone's "institutional adjustment" and "good work ethic." *Id.* at 44. That Kone disagrees with the district court's weighing of the aggravating and mitigating circumstances does not make for an abuse of discretion, particularly in an area "firmly committed to the discretion of the sentencing judge." *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted). Kone's sentence was thus substantively reasonable.

## G. Ineffective Assistance of Counsel.

Finally, Kone asserts that his counsel was constitutionally ineffective for failing to raise a host of challenges at trial. When an ineffective-assistance claim is raised on direct appeal, we may either (1) decline to hear the claim so that it may be raised in a habeas petition brought pursuant to 28 U.S.C. § 2255, (2) remand to the district court for further factfinding, or (3) decide the claim on the record before us. *See United States v. Adams*, 768 F.3d 219, 226 (2d Cir. 2014). But we are

21

"generally disinclined to resolve ineffective[-]assistance claims on direct review . . . because the district court is 'best suited to developing the facts necessary to determining the adequacy of representation.'" *United States v. Gaskin*, 364 F.3d 438, 467–68 (2d Cir. 2004) (quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)). We see no reason to deviate from that practice here, and therefore decline to address the merits of this claim, which Kone may raise in a motion to vacate his conviction or set aside his sentence pursuant to section 2255. *See United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003).

*       *       *

We have considered Gnahore's and Kone's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court